# IN RE LONEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF VIRGINIA.

No. 1118. Submitted January 21, 1890. — Decided March 24, 1890.

The courts of a State have no jurisdiction of a complaint for perjury in testifying before a notary public of the State upon a contested election of a member of the House of Representatives of the United States; and a person arrested by order of a magistrate of the State on such a complaint will be discharged by writ of *habeas corpus.*

THIS was a writ of *habeas corpus*, granted upon the petition of Wilson Loney, by the Circuit Court of the United States, to the police sergeant of the city of Richmond, in the State of Virginia, who justified his detention of the prisoner under a warrant of arrest from a justice of the peace for that city upon a complaint charging him with wilful perjury committed on February 2, 1889, in giving his deposition as a witness before a notary public of the city in the case of a contested election of a member of the House of Representatives of the United States.

The Circuit Court discharged the prisoner, upon the ground that the offence charged against him was punishable only under § 5392 of the Revised Statutes, and was within the exclusive cognizance of the courts of the United States. 38 Fed. Rep. 101. The respondent appealed to this court.

*Mr. J. Randolph Tucker* and *Mr. R. A. Ayers*, Attorney General of the State of Virginia, for appellant.

No appearance for appellee.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

By the Constitution, the judicial power of the United States is vested in the courts of the United States. Art. 3, sect. 1. By the statutes of the United States, those courts have jurisdiction, exclusive of the courts of the several States, of "all crimes and offences cognizable under the authority of the United States;" Rev. Stat. § 711, cl. 1; and the Circuit Courts of the United States have exclusive cognizance of all such crimes and offences, except where otherwise provided by law, the principal exception being where concurrent jurisdiction is given to the District Courts of the United States; Rev. Stat. § 629, cl. 20; Act of August 13, 1888, c. 866, § 1, 25 Stat. 434; and it is declared, by way of greater caution, that nothing contained in the Crimes Act of the United States "shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." Rev. Stat. § 5328.

The House of Representatives of the United States is made by the Constitution the judge of the elections, returns and qualifications of its own members. Art. 1, sect. 5.

Congress has regulated by law the form in which notice of a contested election may be given and answered, and the time and manner in which depositions on oath of witnesses in such cases may be taken and returned to the House of Representatives by a judge of any court of the United States, or of a court of record of any State, or by any mayor or recorder of a city, or by any register in bankruptcy or notary public, or, if

the parties so agree, by any officer authorized to take depositions by the laws of the State or of the United States; and has provided for the punishment of such witnesses failing to attend and testify after being duly summoned. Rev. Stat. §§ 105–130; Act of March 2, 1887, c. 318, 24 Stat. 445.

Congress has also enacted that every person, having taken an oath to testify truly, "before a competent tribunal, officer or person, in any case in which a law of the United States authorizes an oath to be administered," who wilfully and contrary to such oaths states any material matter which he does not believe to be true, is guilty of perjury, and shall be punished by fine and imprisonment. Rev. Stat. § 5392.

The laws of Virginia indeed provide that notaries public shall be appointed by the Governor of the State; and may take "any oath or affidavit required by law, which is not of such nature that it must be made in court." Virginia Code of 1887, §§ 923, 173. But the oath of a witness in the case of a contested election of a member of the House of Representatives of the United States is not required by any law of Virginia, but is an oath authorized to be administered by the laws of the United States, and by those laws only; and the witness gives his testimony in obedience to those laws, and not in the performance of any duty which he owes to the State in which his testimony is taken.

Any one of the officers designated by Congress to take the depositions of such witnesses, (whether he is appointed by the United States, such as a judge of a Federal court or a register in bankruptcy, or by the State, such as a judge of one of its courts of record, a mayor or recorder of a city, or a notary public,) performs this function, not under any authority derived from the State, but solely under the authority conferred upon him by Congress, and in a matter concerning the government of the United States.

Testimony taken with the single object of being returned to and considered by the House of Representatives of the United States exercising the judicial power, vested in it by the Constitution, of judging of the elections of its members, and taken before an officer designated by Congress as compe-

.tent for this purpose and deriving his authority to do this from no other source, stands upon the same ground as testimony taken before any judge or officer of the United States, and perjury in giving such testimony is punishable in the courts of the United States. *United States* v. *Bailey*, 9 Pet. 238.

There are cases (the most familiar of which are those of making and uttering counterfeit money) in which the same act may be a violation of the laws of the State, as well as of the laws of the United States, and be punishable by the judiciary of either. *Fox* v. *Ohio*, 5 How. 410; *United States* v. *Marigold*, 9 How. 560; *Moore* v. *Illinois*, 14 How. 13; *Ex parte Siebold*, 100 U. S. 371, 390; *Cross* v. *North Carolina*, 132 U. S. 131.

But the power of punishing a witness for testifying falsely in a judicial proceeding belongs peculiarly to the government in whose tribunals that proceeding is had. It is essential to the impartial and efficient administration of justice in the tribunals of the nation, that witnesses should be able to testify freely before them, unrestrained by legislation of the State, or by fear of punishment in the state courts. The administration of justice in the national tribunals would be greatly embarrassed and impeded if a witness testifying before a court of the United States, or upon a contested election of a member of Congress, were liable to prosecution and punishment in the courts of the State upon a charge of perjury, preferred by a disappointed suitor or contestant, or instigated by local passion or prejudice.

A witness who gives his testimony, pursuant to the Constitution and laws of the United States, in a case pending in a court or other judicial tribunal of the United States, whether he testifies in the presence of that tribunal, or before any magistrate or officer (either of the nation or of the State) designated by act of Congress for the purpose, is accountable for the truth of his testimony to the United States only; and perjury committed in so testifying is an offence against the public justice of the United States and within the exclusive jurisdiction of the courts of the United States; and cannot, therefore, be punished in the courts of Virginia under the general provision of her statutes that "if any person, to whom

an oath is lawfully administered on any occasion, wilfully swears falsely on such occasion touching any material matter or thing," he shall be guilty of perjury. Virginia Code of 1887, § 3741.

It has accordingly been held by the Supreme Court of New Hampshire, in an able opinion of Chief Justice Parker, that the courts of a State have no jurisdiction of the crime of perjury committed in an examination before a commissioner under the United States Bankrupt Act; *State* v. *Pike*, 15 N. H. 83; by Mr. Justice Bradley, affirming a decision of Judge Erskine, as well as by the Supreme Courts of Tennessee and of Georgia, that the state courts have no jurisdiction of perjury in testifying before a commissioner of the Circuit Court of the United States; *Ex parte Bridges*, 2 Woods, 428; *S. C. nom. Brown* v. *United States*, 14 Amer. Law Reg. (N. S.) 566; *State* v. *Shelley*, 11 Lea (Tenn.) 594; *Ross* v. *State*, 55 Georgia, 192; and by the courts of other States, that they have no jurisdiction of perjury in making an affidavit under the acts of Congress relating to the sale of public lands. *State* v. *Adams*, 4 Blackford, 146; *People* v. *Kelly*, 38 California, 145; *State* v. *Kirkpatrick*, 32 Arkansas, 117.

The decisions in the Supreme Courts of Pennsylvania and of New Hampshire, cited for the appellant, holding that the judiciary of a State has jurisdiction of perjury committed in a proceeding for naturalization before a court of the State, under authority of Congress, tend rather to support than to oppose our conclusion; for they were put upon the ground that the proceeding for naturalization was a judicial proceeding in a court of the State, as it doubtless was. *Rump* v. *Commonwealth*, 30 Penn. St. 475; *State* v. *Whittemore*, 50 N. H. 245; *Spratt* v. *Spratt*, 4 Pet. 393, 408.

The courts of Virginia having no jurisdiction of the matter of the charge on which the prisoner was arrested, and he being in custody, in violation of the Constitution and laws of the United States, for an act done in pursuance of those laws by testifying in the case of a contested election of a member of Congress, law and justice required that he should be discharged from such custody, and he was rightly so discharged by the

Circuit Court on writ of *habeas corpus.*   Rev. Stat. §§ 751, 761; *Ex parte Royall,* 117 U. S. 241.

*Judgment affirmed.*