### In re AMMON.

(Circuit Court, S. D. New York. October 13, 1904.)

**1. HABEAS CORPUS—FEDERAL COURTS—DISCHARGE OF STATE PRISONER.**

A prisoner, in custody under conviction for an act in violation of a state statute, which had no relation to the authority or laws of the United States, or the operations of the general government, or its relations to foreign governments, and whose conviction has been affirmed by the highest court of the state, will not be discharged by a federal court by writ of habeas corpus, on the ground that the statute under which his sentence was imposed was passed after the offense was committed, and is therefore as to such offense an ex post facto law, but will be left to his remedy by direct proceedings in error in the Supreme Court of the United States, especially where a hearing can be had therein long before the expiration of the term of imprisonment to which he would be subject, were the statute complained of eliminated.

On Petition for Writ of Habeas Corpus.

Petitioner was convicted of an offense against the laws of the state. He appealed to the Appellate Division (87 N. Y. Supp. 358) and the Court of Appeals (71 N. E. 1135) of the state, both of which tribunals affirmed the conviction. He asks for a summary discharge from custody on the ground that the statute or statutes under which sentence was imposed are ex post facto laws, having been passed since the offense was committed, and therefore obnoxious to the Constitution of the United States.

L. J. Morrison, for petitioner.
Wm. Travers Jerome and Robt. C. Taylor, opposed.

LACOMBE, Circuit Judge. If any point of practice is well settled in the federal courts it is that, "except in peculiar and urgent cases, the courts of the United States will not discharge the prisoner by habeas corpus in advance of a final determination of his case in the courts of the state, and even after such final determination in those courts will generally leave the petitioner to the usual and orderly course of proceeding by writ of error from the United States Supreme Court." Whitten v. Tomlinson, 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406.

This case is not peculiar or urgent, in the sense in which those words have been used by the Supreme Court. In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55; In re Loney, 134 U. S. 372, 10 Sup. Ct. 584, 33 L. Ed. 949; Wildenhus' Case, 120 U. S. 1, 7 Sup. Ct. 385, 30 L. Ed. 565. The prisoner is not in custody by authority of a state for an act done or omitted to be done in pursuance of a law of the United States, or otherwise involving the authority or operations of the general government, or its relations to foreign nations. The "constitutional" point raised here could have been equally well raised before the appellate tribunals of the state, and it was stated on the argument (and not denied) that it was there raised. It can be presented to the United States Supreme Court in the usual and orderly course of proceeding by writ of error to the state court. The record upon such writ of

¶ 1. Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.

error need be no more voluminous than upon appeal in habeas corpus, since question is made only of the sentence, not of the conviction.

Moreover, a hearing upon writ of error would be had in due course long before the expiration of the term of imprisonment to which petitioner would be subject, were the alleged ex post facto statutes of which he complains eliminated. Inasmuch as his conviction has been affirmed, and is not questioned here, it must be assumed that the prisoner is guilty of the offense; and since the point raised in his behalf deals only with the sentence inflicted, he suffers no hardship in having, pending his appeal, to wait in jail for some period less than that which would have been expressed in the sentence, had it been framed according to his theory of construction.

The writ is dismissed.