## Ex parte COLLINS.

(Circuit Court, N. D. California. November 22, 1906.)

### No. 14,017.

1. HABEAS CORPUS—FEDERAL COURTS—JURISDICTION.

Circuit Courts of the United States have jurisdiction in habeas corpus in the exercise of a legal discretion to discharge from custody a person restrained of his liberty in alleged violation of the Constitution of the United States or of any treaty thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 38.

Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

2. SAME.

Petitioner was extradited from Canada on a charge of perjury. He became a witness in his own behalf on the trial which resulted in a disagreement of the jury, after which he was again indicted on another charge of perjury alleged to have been committed in such trial. Of this he was convicted and appealed to the state Court of Appeals, pending which he applied to the federal Circuit Court for discharge on habeas corpus, challenging the jurisdiction of the state court to try him for any other offense than that for which he was extradited until he had been either convicted and served his sentence, and had a reasonable time to return to Canada, or had been acquitted and had a like opportunity to depart the country. *Held* that, as such objection was available on petitioner's appeal and finally on a writ of error issued from the Supreme Court of the United States, it would not be determined by a federal Circuit Court on a writ of habeas corpus pending such appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, §§ 4, 93.]

George D. Collins, in pro. per.

WOLVERTON, District Judge. The petitioner, having been convicted in the Superior Court of the state of California, in and for the city and county of San Francisco, of the crime of perjury, and being in the custody of the sheriff of said city and county, pending an appeal to the Court of Appeals of the state, has filed in this court a petition praying for the issuance of a writ of habeas corpus that he may be released from such custody. The petitioner was indicted on July 13, 1905, by the grand jury impaneled in said superior court for the crime of perjury, alleged to have been committed on June 30, 1905. Prior thereto he departed from the United States to the Dominion of Canada. Proceedings were instituted for his extradition, that he might be tried for the offense charged against him, and he was accordingly returned to this country. Thereafter his cause came on for trial, resulting on December 23, 1905, in a disagreement of the jury. He became a witness in his own behalf. On the following 29th of the same month the prisoner was again indicted by the grand jury, sitting in the same court, upon another charge of perjury alleged to have been committed on December 12, 1905; that is, while he was a witness at the trial under his previous indictment. For this offense latterly charged he was convicted on February 27, 1906, and is now in the custody of the sheriff pending an appeal as above indicated. An order having been issued to the sheriff and William Hoff Cook, the prosecuting attorney for said

city and county, to show cause, they have made returns separately, from which these facts appear, among others which are narrated in detail, disclosing the entire history of the case from its inception.

The petitioner has interposed demurrers to these returns, challenging the jurisdiction of the state court to try the petitioner for any other offense than that for which he was extradited, whether committed prior or subsequent, until he is either convicted for such offense and has served his sentence, and has had a reasonable time to return again to Canada, or acquitted and has had a like opportunity to depart this country. The case has been carefully and exhaustively presented, and questions of peculiar moment and interest have been discussed. There lies, however, at the very threshold of the inquiry, a question of the discretion of this court to take cognizance by habeas corpus now and to determine the matters and things involved, notwithstanding the petitioner's cause is still pending in the state court. All the questions here raised have been made matter for adjudication in the state court, and I must and ought to assume that they will be passed upon in due course and rightly determined, so that justice will be rendered to petitioner there eventually as well as in this court. Furthermore, the petitioner's right of review does not end with the Court of Appeals of this state, but he will have the right of appeal to the Supreme Court of that jurisdiction, and, if the judgment there is against him, he has a right of a writ of error from the Supreme Court of the United States, the same tribunal of final cognizance that can be reached through federal jurisdiction. Ultimately, therefore, his grievances will receive attention at the hands of the highest judicial tribunal of the land, and there appears no particular reason why his relief should not be as expeditious in the one channel as in the other. There is no doubt that the Circuit Courts of the United States have jurisdiction in habeas corpus to discharge from custody a person restrained of his liberty, in alleged violation of the Constitution of the United States or of any treaty thereof; and it is unnecessary to cite authorities in support of the proposition, but in the exercise of that jurisdiction the Circuit Courts have a discretion, legal, however, in character, to be controlled by such principles as are applicable to the particular case in hand. The Supreme Court of the United States, in the case of New York v. Eno, 155 U. S. 89, 93, 15 Sup. Ct. 30, 39 L. Ed. 80, in stating what was determined by the prior case of Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, where the subject is most ably and exhaustively treated, says:

"This court held that Congress intended to invest the courts of the Union and the justices and judges thereof with power, upon writ of habeas corpus, to restore to liberty any person within their respective jurisdictions who is held in custody, by whatever authority, in violation of the Constitution or any law or treaty of the United States; that the statute contemplated that cases might arise when the power thus conferred should be exercised during the progress of proceedings instituted against the petitioner in a state court, or by or under the authority of a state, on account of the very matter presented for determination by the writ of habeas corpus. But it was adjudged that the statute did not imperatively require the Circuit Court by writ of habeas corpus to wrest the petitioner from the custody of the state officers in advance of his trial in the state court; that while the Circuit Court of the United States has the power to do so, and could discharge the accused in advance of his trial, if he be restrained of his liberty in violation of the National

Constitution, it is not bound in every case to exercise such power immediately upon application being made for the writ."

In the Royall Case it seems that, in addition to the petition presented to the Circuit Court, Royall made application to the Supreme Court of the United States direct for a writ of habeas corpus, based upon the same facts as those set forth in the petition addressed to the Circuit Court, and the application was denied; the court saying (Ex parte Royall [Original] 117 U. S. 254, 255, 6 Sup. Ct. 734 [29 L. Ed. 868]):

"It is sufficient to say that if this court has power, under existing legislation and upon habeas corpus, to discharge the petitioner, who is in custody under the process of a state court of original jurisdiction for trial on an indictment charging him with an offense against the laws of that state, upon which it is not necessary to express an opinion, such power ought not, for the reasons given in the other cases just decided (Ex parte Royall No. 1 and Ex parte Royall No. 2, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868), to be exercised in advance of his trial."

The court in the Eno Case distinguished the case In re Loney, 134 U. S. 372, 375, 10 Sup. Ct. 584, 33 L. Ed. 949, after reciting the facts, by saying:

"It is clear from this statement that that case was one of urgency, involving in a substantial sense the authority and operations of the general government."

And finally the court concluded that:

"When the claim of the accused of immunity from prosecution in a state court for the offenses charged against him has been passed upon by the highest court of New York in which it can be determined, he may then, if the final judgment of that court be adverse to him, invoke the jurisdiction of this court for his protection in respect of any federal right distinctly asserted by him, but which may be denied by such judgment."

In a later case (Whitten v. Tomlinson, 160 U. S. 231, 16 Sup. Ct. 297, 40 L. Ed. 406), after distinguishing the case of In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, and In re Loney, supra, and Wildenhus's Case, 120 U. S. 1, 7 Sup. Ct. 385, 30 L. Ed. 565, as involving matters of urgency, such as those of prisoners in custody by authority of the state for an act done or omitted to be done in pursuance of the law of the United States or an order or process of the court of the United States, or involving operations of the general government, or its relation to foreign nations, the court speaks emphatically by declaring that:

"Except in such peculiar and urgent cases, the courts of the United States will not discharge the prisoner by habeas corpus in advance of a final determination of his case in the courts of the state, and, even after such final determination in those courts, will generally leave the petitioner to the usual and orderly course of proceeding by writ of error from this court"— citing many cases.

And the court finally concludes in the following language:

"There could be no better illustration than this case affords of the wisdom, if not necessity, of the rule, established by the decisions of this court, above cited, that a prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by a court or judge of the United States upon a writ of habeas corpus in advance of any proceedings in the courts of the state to test the validity of his arrest and detention. To adopt a different rule would unduly interfere with the exercise of the crim-

inal jurisdiction of the several states, and with the performance by this court of its appropriate duties."

The doctrine is generally stated in the syllabus as applying to a prisoner held in violation of the Constitution of the United States or of any law or treaty thereof.

Again, returning to the Royall Case, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, the province of the Circuit Court is as appropriately stated as can be in the following language (page 251 of 117 U. S., page 740 of 6 Sup. Ct. [29 L. Ed. 868]):

"The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."

In a still later case (Baker v. Grice, 169 U. S. 284, 290, 18 Sup. Ct. 323, 326, 42 L. Ed. 748) Mr. Justice Peckham says:

"Instead of discharging, they [the federal courts] will leave the prisoner to be dealt with by the courts of the state; that after a final determination of the case by the state court the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented."

And yet later, in Tinsley v. Anderson, 171 U. S. 101, 104, 18 Sup. Ct. 805, 807, 43 L. Ed. 91, Mr. Chief Justice Fuller says:

"The dismissal by the Circuit Court of the United States of its own writ of habeas corpus was in accordance with the rule, repeatedly laid down by this court, that the Circuit Courts of the United States, while they have power to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of any person in custody under the authority of a state in violation of the Constitution, a law, or a treaty of the United States, yet, except in cases of peculiar urgency, ought not to exercise that jurisdiction by a discharge of the person in advance of a final determination of his case in the courts of the state, and, even after such final determination, will leave him to his remedy to review it by writ of error from this court."

And, again, in the recent case of Markuson v. Boucher, 175 U. S. 184, 20 Sup. Ct. 76, 44 L. Ed. 124, all these cases are reaffirmed and the doctrine announced by them reiterated. So, it was said in the case of United States v. Rauscher, 119 U. S. 407, 430, 7 Sup. Ct. 234, 246, 30 L. Ed. 425, so much relied upon by the petitioner as authority requiring his discharge, that, "if the state court should fail to give due effect to the rights of the party under the treaty, a remedy is found in the judicial branch of the federal government, which has been fully recognized. This remedy is by a writ of error from the Supreme Court of the United States to the state court which may have committed such an error"; thus recognizing the primordial principle of the federal cases, that there should be no interference with the jurisdiction of the state courts while in the exercise thereof, except

in unusual and peculiar cases. This is made strikingly manifest by the court's reference to the Royall Case and in citing it as controlling.

These authorities leave the matter in hand without room for further controversy. It is the province as well as the duty of this court to exercise a legal discretion in the premises, and, when the record is considered, there is but one result to follow, which is to deny the writ. The petitioner has appealed from the superior court of the state, a court of original and general jurisdiction, to the Court of Appeals thereof, and his cause is now pending in the latter tribunal. As I have previously observed, if denied the relief he asks, he has still his appeal to the Supreme Court of the state, and then he has his writ of error from the Supreme Court of the United States to that court, and there exists no peculiar urgency why this court should now interfere with or intervene to oust the state court of jurisdiction. On the other hand, the case is peculiarly one in which the usual and regular course of the state jurisdiction should be allowed to run; the petitioner being a resident of the state, and having been extradited as a fugitive from justice that he might be made amenable to the laws thereof.

The demurrers to the returns of the officers of the city and county of San Francisco will, therefore, be overruled, and the petition for the writ of habeas corpus denied.