### Ex parte ROBERTS et al.

### Ex parte BUCKALEW.

(District Court, S. D. Florida. January 9, 1926.)

1. Habeas corpus ⬤⟹45(3)—Federal court will direct habeas corpus to state officers, to inquire into detention of person in alleged violation of United States constitution or laws, only in exceptional circumstances of peculiar urgency.

Federal court is justified in issuing writs of habeas corpus, addressed to state officers, to inquire into cause of detention of person asserting that he is held by authority of state court in violation of Constitution, laws, or treaties of the United States, only in exceptional circumstances of peculiar urgency.

2. Habeas corpus ⬤⟹45(2)—Petitions for writs of habeas corpus by person held on murder charge without bail present no exceptional circumstances of peculiar urgency, to justify issuance by federal court of writ to state officers.

Petitions for writ of habeas corpus, by person held on murder charge without bail, held to present no exceptional circumstances of peculiar urgency, to justify issuance by federal court of writ directed to state officers.

Habeas Corpus. Separate applications by Steve Roberts and others, and H. B. Buckalew, for writs against the Sheriff of Sarasota County, Fla. Petitions denied.

The petition of Steve Roberts, Ralph Garrick, and Maude Roberts, omitting caption and signatures, is as follows:

"Now come the petitioners, by their attorneys, Will O. Murrell and Randolph Calhoun, and show unto this honorable court that they are now in the custody of the sheriff of the county of Sarasota, Florida, and have been for the past week held on the charge of murder, and that your petitioners have been denied bail, and that the facts and circumstances do not warrant such denial

of bail, for that the evidence in the case is wanting, and no evidence is at this time had that would tend to show any probable guilt on the part of your petitioners, and that the facts and circumstances do not show the presumption in any manner great or any urgent necessity for such action. In view of the premises, your petitioners pray:

"First. That this honorable court issue out of and under its direction the state's most gracious writ of habeas corpus, directed to L. D. Hodges, sheriff of Sarasota county, Florida, commanding him to be and appear before this honorable court on a day certain, to show cause, if he can, why your petitioners should not be granted bail.

"Second. That after hearing the testimony that will be presented to this honorable court that this honorable court make an order affixing a reasonable amount of bail for your petitioners.

"Petitioners pray for such other and further relief as to this honorable court may seem meet, just, and proper."

The petition of H. B. Buckalew, omitting caption and signatures, is as follows:

"Now comes your petitioner and shows unto this honorable court that he is now in the custody of the sheriff of Sarasota county, Florida, and has been for the past week, held on the charge of being an accessory before the fact to murder, and that no warrant has issued against your petitioner, and no probable cause or facts substantial enough in which to hold your petitioner in the custody of the said sheriff, and that your petitioner knows no facts in connection with the charge he is now in jail for, and that your petitioner's bond is fixed at five thousand ($5,000) dollars, which is an unreasonable bond and affixed for the purpose of denying him bail. In view of the premises, your petitioner prays:

"First. That this honorable court issue out of and under its direction the state's most gracious writ of habeas corpus, directed to the sheriff of Sarasota county and state of Florida, commanding him to be and appear on a day certain to show cause, if he can, why the release of the said H. B. Buckalew should not be granted, and that upon a hearing of the facts, if this honorable court deem it proper that he be held under bail, that a reasonable amount of bail be fixed for his release.

"Petitioner prays for such other and further relief as to this honorable court may seem meet, just and proper. Therefore your petitioner will ever pray."

Randolph Calhoun and Will O. Murrell, both of Sarasota, Fla., for petitioners.

JONES, District Judge. These two causes were heard together and will be considered jointly. Each is a petition alleging that the petitioners are being held in custody by the sheriff of Sarasota county, Fla., charged with the commission of a crime in violation of the state laws. They ask that this court issue writs of habeas corpus, addressed to the sheriff of Sarasota county, Fla., requiring him to produce the bodies of these petitioners before this court, that it may pass upon and determine the legality of their custody.

The Supreme Court of the United States, under date of October 12, 1925, in the case of United States of America ex rel. Walter S. Kennedy et al. v. Frank M. Tyler, as Sheriff of Erie County, et al., 46 S. Ct. 1, 70 L. Ed. ——, says:

"The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases, where exceptional circumstances of peculiar urgency are shown to exist"—citing Ex parte Royall, 117 U. S. 241, 250–253, 6 S. Ct. 734, 29 L. Ed. 868; In re Wood, 140 U. S. 278, 289, 11 S. Ct. 738, 35 L. Ed. 505; In re Frederich, 149 U. S. 70, 77, 78, 13 S. Ct. 793, 37 L. Ed. 653; New York v. Eno, 155 U. S. 89, 98, 15 S. Ct. 30, 33, 39 L. Ed. 80. Whitten v. Tomlinson, 160 U. S. 231, 240–242, 16 S. Ct. 297, 40 L. Ed. 406; Baker v. Grice, 169 U. S. 284, 290, 18 S. Ct. 323, 42 L. Ed. 748; Tinsley v. Anderson, 171 U. S. 101, 104, 105, 18 S. Ct. 805, 43 L. Ed. 91; Davis v. Burke, 179 U. S. 399, 401–403, 21 S. Ct. 210, 45 L. Ed. 249; Riggins v. United States, 199 U. S. 547, 549, 26 S. Ct. 147, 50 L. Ed. 303; Drury v. Lewis, 200 U. S. 1, 6, 26 S. Ct. 229, 50 L. Ed. 343; Glasgow v. Moyer, 225 U. S. 420, 428, 32 S. Ct. 753, 56 L. Ed. 1147; Johnson v. Hoy, 227 U. S. 245, 247, 33 S. Ct. 240, 57 L. Ed. 497.

In New York v. Eno, supra, the Supreme Court of the United States held that the state court was competent to decide the ques-

tions in the first instance, and says: "Its [the state court of original jurisdiction] obligation to render such decision as will give full effect to the supreme law of the land and protect any right secured by it to the accused is the same that rests upon the courts of the United States."

There have been but few cases of this character in which the Supreme Court of the United States has affirmed the issuance by federal courts of a writ of habeas corpus. I have been able to find but three cases. In re Neagle, 135 U. S. 1, 10 S. Ct. 658, 34 L. Ed. 55; In re Loney, 134 U. S. 372, 10 S. Ct. 584, 33 L. Ed. 949; and 'Wildenhus's Case, 120 U. S. 1, 7 S. Ct. 385, 30 L. Ed. 565.

[1] These cases emphasize the "exceptional circumstances of peculiar urgency" which the Supreme Court holds justifies the issuance by federal courts of the writ. Two of these cases raised the question of the interference by the state with the operations of departments of the federal government, and the other concerned "the delicate relation of that government with a foreign nation."

[2] These petitions present no such "exceptional circumstances of peculiar urgency" as to bring them within the exceptions above noted.

These petitioners are therefore not entitled to writs of habeas corpus in this court, and the petitions will be denied.