## KNIGHT v. PEOPLE et al.

### Civ. No. 5059.

District Court, N. D. California, N. D.

April 12, 1945.

Harry Knight, in pro. per.

Robert W. Kenny, Atty. Gen., and James O. Reavis, Deputy Atty. Gen., for respondents.

WELSH, District Judge.

### Facts.

Petitioner is in the California State Prison at Folsom. His petition recites that he was committed thereto pursuant to a commitment issued by the Superior Court of the State of California, in and for the County of Los Angeles. A jury in said court found him guilty on one count for robbery, another for assault to commit murder, and a third charge of being an habitual criminal.

Petitioner claims that he is being unlawfully restrained of his liberty in violation of Section 1 of the Fourteenth Amendment to the Constitution of the United States. His claim of lack of due process is predicated upon three points: (1) that he was convicted upon perjured testimony; (2) misconduct of the District Attorney; and (3) misconduct of the trial judge.

Petitioner has raised the same points heretofore in a similar petition for a writ of habeas corpus in the courts of the State of California. He filed such petition on or about the 23rd day of January, 1943, in the California Supreme Court. It was transferred to the District Court of Appeal for the Third Appellate District, Ex parte Knight, Civ.1849, which court issued an order to show cause; the Attorney General of California filed an answer to said order on behalf of the Warden of Folsom State Prison; a hearing was had and briefs were filed. The writ was discharged. A petition for a re-hearing was filed and denied.

Petitioner herein referred to said proceeding in the State court and stated that he was unable to include all of his supporting documents. This court has, therefore, examined the files in said matter. The tes-

timony therein consists of 815 pages which have been read.

Said files disclose that petitioner raised the same points in the State court that he raises here, and based them on the same exhibits. His principal reliance is based on an affidavit of one Alvin Cowart, who was a witness for the prosecution. Said affidavit purports to repudiate his testimony given at the trial. Affiant sets forth that the defendant did not commit the crime, that affiant was persuaded to testify to defendant's guilt by the Deputy District Attorney and that said attorney paid him the sum of approximately $100 as an inducement for his testimony.

The Deputy District Attorney filed a counter-affidavit wherein he specifically denied the charges. A clerk in the District Attorney's office who had charge of the financial division made an affidavit wherein she set forth the dates on which six checks totaling $56 were issued to said witness for the purpose of enabling him to subsist until the date of the trial. Counter-affidavits of deputy sheriffs and others also appear in the record.

It is significant that petitioner made a motion for a new trial in connection wherewith the same affidavit of the same witness Cowart was used. His motion for a new trial was denied and an appeal taken. The transcript of said appeal in Re Knight, Criminal No. 3429, in the District Court of Appeal of the State of California, discloses that the same questions as were subsequently raised in the same court on habeas corpus and now raised herein, were fully argued and considered in connection with said appeal.

The opinion in People v. Knight, 44 Cal. App.2d 887, 113 P.2d 226, disposed of the defendant's appeal on its merits. The opinion in Ex parte Knight, 62 Cal.App.2d 582, 144 P.2d 882, disposed of petitioner's contentions with reference to unlawful restraint of his liberty.

### Questions

■ Should this court now grant a writ of habeas corpus to petitioner when he

(a) as a defendant in a trial court of the State of California, was convicted by a jury, made a motion for a new trial based on the same grounds and supported by the same documents as urged and presented herein, which motion for new trial was denied?

(b) appealed from his judgment of conviction in the State Court, and his conviction has been affirmed by the highest court in said State?

(c) filed a petition for writ of habeas corpus in the Appellate Court of the State, again on the same grounds and based on the same documents, which court denied his petition?

(d) has been denied certiorari by the Supreme Court of the United States.

These questions can all be answered in the negative.

The petition recites specifically: "That prior to the date hereof * * * petitioner applied to and invoked the original jurisdiction of the District Court of Appeal of the State of California, Third Appellate District, for a writ of habeas corpus on the same grounds as set forth in this petition * * * which said application was denied by said Court * * * thereafter * . * * your petitioner made application to the Supreme Court of the State of California for a writ of habeas corpus on the same grounds as set forth in this petition * * * which said application was denied by said Supreme Court * * * whereupon petitioner made application to the Supreme Court of the United States for a writ of certiorari * * * and said application was denied by the Supreme Court of the United States."

It thus appears from the face of the petition itself that the writ prayed for should not be granted by this court. Petitioner has had the same material as that now submitted herein considered by the justices of two California Appellate Courts and of the Supreme Court of the United States. It would be contrary to sound and well-established policy for this court to hold otherwise than has already been held with reference to petitioner's claims.

Mr. Justice Brewer, sitting on the Circuit, said of applications of this kind that the federal courts " * * * should not be covetous, but miserly, of jurisdiction. * * * Especially is that true of cases in which the state is attempting, in its own courts, to enforce its statutes, designed for the peace and good order of its citizens." State of Kansas v. Bradley, C.C., 26 F. 289, 292.

Petitioner has filed an affidavit wherein he recites that it has been necessary to refer to testimony contained in the report-

er's and clerk's transcripts on appeal in People v. Knight, Criminal No. 3429, in the District Court of Appeal of the State of California, 2nd District, and requests this court to issue an order directing the clerk of said District Court of Appeal to forward the record of said case. He states in his petition for a writ herein that the originals of affidavits made a part of said petition are in the files of said District Court of Appeal. Said petition also refers to criminal proceeding No. 1849 in the District Court of Appeal of the State of California, 3rd Appellate District.

This court has examined the records in both of said actions so referred to by petitioner. It has also analyzed carefully the opinions of said courts in said matters.

In People v. Knight, 44 Cal.App.2d 887, 113 P.2d 226, the conviction of petitioner herein was affirmed. Mr. Justice Wood sets forth therein the facts with particularity which shows a careful analysis of the testimony. He concludes (page 891 of 44 Cal.App.2d, page 228 of 113 P.2d) : "The contention of defendant that the evidence is insufficient to justify the conviction is devoid of merit. Defendant was identified as the robber by two witnesses, whose testimony is supported by a number of circumstances, including circumstances in addition to those above set forth, from which inferences of guilt could be reasonably deduced."

Regarding the charge of prior conviction of a felony the court said (page 893 of 44 Cal.App.2d, page 229 of 113 P.2d) : "The court discharged its duty as required by section 1078 of the Penal Code and in doing so presented the issues to the jury in a manner which was fair to defendant."

The court further said (page 894 of 44 Cal.App.2d, page 230 of 113 P.2d) : "A number of instances are cited by defendant in which he claims that the prosecutor was guilty of prejudicial misconduct." With reference to one such it said : "In view of the court's admonition we are satisfied that no prejudice was suffered by defendant."

As to others, the court said (page 895 of 44 Cal.App.2d, page 230 of 113 P.2d) : "Some of the instances of alleged misconduct resulted directly and naturally from statements which had been made by defense counsel. Other assignments of misconduct on the part of the prosecutor were, except in instances where they were without merit, followed by the admonition of

the trial court to the jury to disregard them. They are not of such nature as to furnish grounds sufficient to justify a reversal of the judgment."

Said court answers the contention that the trial judge was guilty of misconduct by saying : "The record fails to bear out this assertion but it discloses a commendable effort on the part of the judge to conduct the trial in an orderly manner."

This phase of the case was thus given ample consideration by the District Court of Appeal at Los Angeles. We agree with the views expressed by said court.

The District Court of Appeal of the State of California, 3rd Appellate District, at Sacramento, rendered an opinion Ex parte Knight, 62 Cal.App.2d 582, 144 P.2d 882, 884, wherein it passed on the same questions which petitioner raises herein. This court concurs with the following views of said State court:

"Also the trial court, which had heard the testimony of this witness (Alvin Cowart) at the trial, apparently was not impressed by it when it was presented on motion for a new trial. * * *

"A presumption of regularity applies to a judgment of the trial court when it is attacked on habeas corpus, and the writ may not be used to serve the purposes of an appeal. * * *

"We are of the opinion that petitioner has failed to show that he was convicted upon perjured testimony, or, if Cowart's testimony was perjured, then it was knowingly employed by the prosecution, as is charged. It is not the province of the writ of habeas corpus to retry issues already passed upon by the trial court and reviewed by the District Court of Appeal.

"Giving the affidavits filed by petitioner their fullest weight, he has not sustained the burden of proof cast upon him in this proceeding. His allegations are denied by the affidavit of George H. Johnson, Deputy District Attorney in charge of the prosecution of Knight, and by the seven other affidavits which were presented on petitioner's motion for a new trial. These affidavits deny that any suggestions, promises or threats were made to Cowart to influence his testimony. They also present a statement made by Cowart prior to the trial in which he identified Knight as the person who committed the robbery and assault of

which he was convicted, and in which he asserted that he was not making his statement because anyone had threatened him, or made him any promises. * * * Petitioner has failed to show that at his trial he was not accorded due process of law. He has not shown by any substantial or credible evidence that the testimony given by Cowart at the trial was false, and he has signally failed to show if such testimony was, in fact, false, that its falsity was known to the officials who prosecuted him."

Claims comparable to those of petitioner herein with reference to perjured testimony have been disposed of adversely in the Mooney cases.

Thomas J. Mooney, subsequent to conviction of murder at the time of the Preparedness Day Parade in San Francisco in 1916, repeatedly sought his release from San Quentin Penitentiary, claiming that the verdict of the jury, judgment of conviction, commitment and restraint were without due process of law because of perjured testimony known to the District Attorney to be such.

The Supreme Court of California said, In re Mooney, 10 Cal.2d 1, 14, 73 P.2d 554, 561: "Therefore, proof of perjury alone, without satisfactory substantial proof of knowledge thereof or connivance therein by the prosecuting officials, can avail the petitioner nothing in this proceeding. * * * We conclude that petitioner has not established by substantial, credible evidence that his conviction was the result of perjury on the part of prosecution witnesses or that the prosecuting officers caused or suffered to be introduced at petitioner's trial any testimony which they knew, or had reason to believe, was false." In the earlier case of People v. Mooney, 178 Cal. 525, 529, 174 P. 325, 327, the same court took the view: "* * * the truth or falsity of the testimony of the witnesses Oxman and Edeau was a part of the issue submitted to the jury, and that issue, upon the return of the verdict, became an adjudicated issue of fact, which cannot now by the writ of coram nobis be readjudicated."

The District Court of Appeals said in Re Mooney, 6 Cal.App.2d 730, 45 P.2d 388, 389: "The remedy in such a case, says the Supreme Court, rests only with the Governor of the state under his pardoning power, and he alone can afford relief."

The Honorable A. F. St. Sure, District Judge, Northern District of California, said in Mooney v. Holohan, D.C., 7 F. Supp. 385, 387: "Whether the matters alleged by petitioner as grounds for the issuance of a writ of habeas corpus constitute a denial of 'due process of law' presents a question which this court may not consider upon the merits. * * * Whether the laws of a state or the procedure of its courts in a criminal case is in violation of the constitutional rights of a convicted defendant will not be considered by a federal court on petition for a writ of habeas corpus, but petitioner will be left to his remedy in direct proceedings * * *, through which the question may ultimately be presented to the Supreme Court of the United States."

A petition for a certificate of probable cause brought the matter before the Honorable William H. Sawtelle, Circuit Judge, In re Mooney, 9 Cir., 72 F.2d 503, 506, 508, wherein he said: "Due process requires that the court which assumes to determine the rights of parties shall have jurisdiction * * * and that there shall be notice and opportunity for hearing given the parties. * * * The state courts had jurisdiction of the petitioner and of the subject-matter or offense, and that jurisdiction was never lost during the course of the proceedings in said courts. Under the facts as stated, the judgment of the state courts cannot be reviewed on habeas corpus."

How rarely writs of habeas corpus have been issued pursuant to petitions in the Federal courts by persons imprisoned under judgments in the state courts is shown in Ex parte Roberts, D.C., 10 F.2d 163, 165:

"There have been but few cases of this character in which the Supreme Court of the United States has affirmed the issuance by federal courts of a writ of habeas corpus. I have been able to find but three cases. In re Neagle, 135 U.S. 1, 10 S.Ct. 658, 34 L.Ed. 55; In re Loney, 134 U.S. 372, 10 S.Ct. 584, 33 L.Ed. 949; and Wildenhus' Case, 120 U.S. 1, 7 S.Ct. 385, 30 L.Ed. 565.

"These cases emphasize the 'exceptional circumstances of peculiar urgency' which the Supreme Court holds justifies the issuance by federal courts of the writ. Two of these cases raised the question of the interference by the state with the operations of departments of the federal govern-

168

ment, and the other concerned 'the delicate relation of that government with a foreign nation.' "

Other decisions bearing on the situation presented herein are the following:

Kauffman v. Mount, 5 Cir., 131 F.2d 112: "Except under unusual and extraordinary circumstances a Federal Court will not entertain a petition for habeas corpus in respect of custody resting on State proceedings."

United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138: "The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist."

Ashe v. U. S. ex rel. Valotta, 270 U.S. 424, 426, 46 S.Ct. 333, 334, 70 L.Ed. 662: "In so delicate a matter as interrupting the regular administration of the criminal law of the State by this kind of attack too much discretion cannot be used, and it must be realized that it can be done only upon definitely and narrowly limited grounds."

Hawk v. Olson, 8 Cir., 130 F.2d 910, 913: "The exhaustion of state judicial remedies in a case which is not exceptional will not justify the issuance of a writ by a United States District Court or by a federal judge. This is because the necessary forbearance which the courts of a state and the courts of the United States exercise toward each other in the interest of harmony and to avoid conflicts (Frank v. Mangum, 237 U. S. 309, 329, 35 S.Ct. 582, 59 L.Ed. 969) will not sanction what would amount to a review by a District Court of the United States or by a single federal judge of a decision of the highest court of a state holding that the applicant is lawfully held in custody by the state authorities."

Ex parte Lynch, D.C., 18 F.Supp. 673, 674: "It is as much the duty of the state court to enforce the provisions of the Constitution of the United States as of the federal courts. The judges in both courts are required to take an oath to support the Constitution of the United States. This court must presume that the judges of the several state courts will be as jealous of the constitutional rights of the accused as the federal courts."

Urquhart v. Brown, 205 U.S. 179, 181, 27 S.Ct. 459, 460, 51 L.Ed. 760: "In view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a Federal court or a Federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority."

People ex rel. Albanese v. Hunt, D.C., 34 F.Supp. 444, 445: "A writ of habeas corpus is not a vehicle for a correction of errors on a trial as on an appeal."

This court agrees with the expression in United States ex rel. Parker v. Carey, 7 Cir., 135 F.2d 205, 207: "To ask a Federal court to grant the writ of habeas corpus under the circumstances of this case would be indelicate." Also that in Johnson v. Wilson, 5 Cir., 131 F.2d 1, 2: "The state and federal courts are equally bound to protect rights secured by the federal constitution, but there is a discretion vested in the federal courts as to the time and manner in which they will exert the powers conferred upon them by the federal statute commanding them to issue writs of habeas corpus forthwith on the presentation of a petition, to hear the case summarily, and thereupon to dispose of it as law and justice require. That discretion should be exercised in the light of the relation existing between state and federal courts under our dual form of government, which relation should not be disturbed by unnecessary conflicts between state and national tribunals that are equally bound to guard constitutional rights."

Furthermore, while the doctrine of res judicata is inapplicable to successive applications for a writ of habeas corpus, the Honorable Stephen J. Field said in Ex parte Cuddy, C.C., 40 F. 62, 65: "The officers before whom the second application is made may take into consideration the fact that a previous application has been made to another officer and refused; and in some instances that fact may justify a refusal of the second."

This statement of the former Chief Justice of the Supreme Court of California, who was elevated to the Supreme Court of the United States, was quoted approvingly in Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 521, 68 L.Ed. 989, wherein a prior refusal to discharge on a like application was mentioned as a matter, "which may be considered, and even given controlling weight."

The Honorable Justin Miller, Associate Justice, United States Court of Appeals, District of Columbia, has reviewed the law

relative to habeas corpus, and vitalized it up-to-date with his rare sagacity, wisdom and vision in Dorsey v. Gill, App.D.C., 148 F.2d 857.

■ Judge Miller's interpretation of Section 755, R.S., 28 U.S.C.A. § 455, applies with especial force here: "It is apparent, therefore, that the words of the statute—from the petition itself—include information, available to the judge by judicial notice, to which the allegations of the petition refer, or upon which they depend; it is the duty of the judge to look through the petition, to the record, in order that he may discover such information; having done so, the exercise of sound judicial discretion may require that the petition be dismissed or leave to file it denied. In fact, this power and duty of the judge extends not only to the records of his own court, but to those of other courts as well."

Not only does the present petition show that petitioner was regularly convicted in the courts of the State of California, and his conviction affirmed on appeal, but that he has made previous applications for writs of habeas corpus to said State courts, which applications have been denied, and that the Supreme Court of the United States has declined to review the denial.

The examination of all information available to this court by judicial notice and the records of all the courts just mentioned leads to the conclusion that the petition for writ of habeas corpus herein should be denied, and it is so ordered.