Burton B. Roberts, J.,
Defendant’s motion to dismiss the instant indictment raises a question that has probably never before been heard in this State and is undoubtedly destined to further obscurity. May a charge of perjury based upon two irreconcilably inconsistent sworn statements (Penal Law, § 210.20) be permitted to stand when both statements were *272 made in New York but one was made in a Federal proceeding held in a lawyer’s office before a New York notary?
On March 15, 1974, the defendant, Grace Iadarola, gave sworn testimony before a representative of the Attorney-General of the State of New York at a hearing being conducted pursuant to article 23-A of the General Business Law (Martin Act) in regard to the practices of Collins & Day Group, Inc., a defunct brokerage concern which had dealt in commodity options. Then, on April 30 and again on June 12, 1974, Mrs. Iadarola testified in bankruptcy proceedings involving Collins & Day Group, Inc., which were then pending in the United States District Court for the Southern District of New York. The bankruptcy depositions, which had been ordered by the court pursuant to subdivision (a) of rule 205 of the Bankruptcy Rules, took place at the offices of the attorney for the trustee in bankruptcy, located in New York County. Mrs. Iadarola was sworn as a witness by a notary public of the State of New York pursuant to a Federal law which authorizes oaths required in bankruptcy proceedings which are not held in the presence of a Judge to be administered "under the laws of the State where the [proceedings] are to be taken”. (US Code, tit 11, § 43, subd [a], par [2].)
One result of the defendant’s testimony in these forums was the instant indictment, charging her with 10 counts of perjury in the first degree. Six of the counts (count one through five and count nine) are based upon the theory of an irreconcilable inconsistency between certain statements sworn to in the Martin Act hearing and others testified to in the bankruptcy proceeding. One count (count seven) alleges the irreconcilable inconsistency between two statements, each of which was made at the bankruptcy proceeding. Each one of the remaining three counts (counts six, eight and ten) charges, in the more conventional manner of pleading, that a single statement made in the Martin Act hearing was false in and of itself.
Section 210.20 of the Penal Law provides, in pertinent part, as follows:
"Perjury; pleading and proof where inconsistent statements involved.
"Where a person has made two statements under oath which are inconsistent to the degree that one of them is necessarily false, where the circumstances are such that each statement, if false, is perjuriously so, and where each state *273 ment was made within the jurisdiction of this state and within the period of the statute of limitations for the crime charged, the inability of the people to establish specifically which of the two statements is the false one does not preclude a prosecution for perjury, and such prosecution may be conducted as follows:
"1. The indictment or information may set forth two statements and, without designating either, charge that one of them is false and perjuriously made.
"2. The falsity of one or the other of the two statements may be established by proof or a showing of their irreconcilable inconsistency.” (Emphasis added.)
A glance at the legislative history of the foregoing provision and the pertinent case law clearly establishes that statements made in Federal proceedings are not made within the jurisdiction of this State as required by statute. Thus an indictment based upon this section may not properly be predicated upon such Federal testimony.
The predecessor statute, section 1627-a of the former Penal Law, did not require both of the statements alleged as inconsistent to have occurred within this State’s jurisdiction. The revisers, in expressly enunciating such a requirement in the present provision, noted as follows: "Since conviction may occur without resolution of which statement is false, it would seem essential to a valid judgment that both should have been made within the jurisdiction of New York.” (Commission Staff Notes, Proposed NY Penal Law, § 215.20 [renumbered in final version], 1964 Study Bill, p 373. Also, A.D. Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 210.20, p 484.) Put another way, since a prosecution under this section does not require the People to either plead or prove which of the two irreconcilable statements is the perjurious one, the purpose of the jurisdictional requirement for both statements is to make certain that any prosecution will be for a crime committed against the sovereignty of New York and not some other. It is clear, however, that perjury in a Federal proceeding is not cognizable as an offense by the State courts. (Matter of Loney, 134 US 372.) The underlying reasons for this, it has been written, are twofold: "It has been held that the power to punish a witness for testifying falsely in a judicial proceeding belongs peculiarly to the government in whose tribunals that proceeding is had; that it is essential to the impartial and efficient administra *274 tion of justice in the tribunals of the nation that witnesses should be able to testify freely before them, unrestrained by legislation of the state or by fear of punishment in the state courts” (60 Am Jur 2d, Perjury, § 27 [citations omitted]).
The foregoing is, of course, true notwithstanding the fact that the oath was administered by a State officer. The latter merely acts in a ceremonial capacity pursuant to Federal law. In passing upon this precise question arising out of testimony taken before a notary public of the State of Virginia in the case of a contested election for the House of Representatives, the Supreme Court held some 80 years ago: "A witness who gives his testimony, pursuant to the Constitution and laws of the United States, in a case pending in a court or other judicial tribunal of the United States, whether he testifies in the presence of that tribunal, or before any magistrate or officer (either of the nation or of the State) designated by act of Congress for the purpose, is accountable for the truth of his testimony to the United States only; and perjury committed in so testifying is an offence against the public justice of the United States and within the exclusive jurisdiction of the courts of the United States; and cannot, therefore, be punished in the courts of Virginia” (Matter of Loney, 134 US 372, 375, supra).
It is therefore clear that counts one through five and count nine of the indictment, which are based upon the alleged inconsistency of State and Federal testimony, must be dismissed. Count seven of the indictment, which is based solely upon the Federal testimony, is likewise dismissed.
For the foregoing reasons, it is unnecessary to examine the Grand Jury minutes with respect to the counts dismissed. The court has read the Grand Jury minutes with respect to the remaining counts and determines them to be based on legally competent and sufficient evidence (CPL 210.30).