[Crim. No. 1372.   Second Appellate District, Division Two.—April 7, 1926.]

# THE PEOPLE, Respondent, v. F. AMY WALLINGTON, Appellant.

[1] CRIMINAL LAW—JUDGMENTS—STAY OF EXECUTION PENDING APPEAL —DELAY IN TAKING APPEAL.—An application for a stay of execution of a judgment under section 1243 of the Penal Code will be denied where it appears from the face of the application that the appeal from the judgment was not taken in time and that the order made after judgment necessarily must be affirmed.

[2] ID. — MOTION TO SET ASIDE JUDGMENT — SUFFICIENCY OF INDICT-MENT.—The sufficiency of an indictment cannot be questioned on a motion made in the lower court to set aside the judgment after it has become final.

(1) 17 C. J., p. 108, n. 44.   (2) 31 C. J., p. 874, n. 87, p. 1326, n. 77 New.

APPLICATION for stay of execution pending appeal from a judgment of the Superior Court of Los Angeles County.  Charles S. Burnell, Judge.  Application denied.

The facts are stated in the opinion of the court.

Max Schleimer for Appellant.

No appearance for Respondent.

THE COURT.—[1] It appears from the face of the application for a stay of execution of the judgment under section 1243 of the Penal Code that the appeal from the judgment is abortive and that the order made after judgment necessarily must be affirmed.  The appeal from the judgment was not taken in time.  (Pen. Code, sec. 1239; *Starr* v. *Superior Court,* 23 Cal. App. 670 [139 Pac. 241].) [2] The sufficiency of the indictment could not be questioned on the motion made in the lower court to set aside

1. See 8 Cal. Jur. 551.
2. Time and method of objecting to sufficiency of indictment see note in 1 A. L. R. 479.

the judgment after it had become final. (*People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325]; *People* v. *Reid,* 195 Cal. 249 [36 A. L. R. 1345, 232 Pac. 457].)

The application for stay of execution is denied.

---

[Civ. No. 3056.    Third Appellate District.—April 7, 1926.]

THE PEOPLE ex rel. U. S. WEBB, Attorney-General, Plaintiff, v. HONEY LAKE VALLEY IRRIGATION DISTRICT (a Corporation), Respondent; ANAHEIM NATIONAL BANK (a Corporation) et al., Interveners and Appellants.

[1] IRRIGATION DISTRICTS — ISSUANCE OF WARRANTS — FUNDS UPON WHICH DRAWN — STATUTORY CONSTRUCTION. — The funds upon which warrants are issued by the board of directors of an irrigation district, organized under the Irrigation District Act of 1897 (Stats. 1897, p. 254), and the amendments thereto, for an indebtedness incurred for engineering and administration expenses, in accordance with section 61 of the act, are in no sense special funds to be provided in a particular way, nor are they funds created by the statute under which the district is organized.

[2] ID.—PAYMENT OF WARRANTS—CREATION OF PARTICULAR FUND— ASSESSMENTS—STATUTE OF LIMITATIONS—MANDAMUS.—The Irrigation District Act of 1897 does not provide for a particular fund out of which to pay warrants issued by the board of directors of an irrigation district for an indebtedness incurred under section 61 of the act, but the holders of such warrants can by *mandamus* compel the board of directors to levy assessments under section 39 of the act of July 27, 1917 (Stats. 1917, p. 765), sufficient in amount to pay them, and the statute of limitations (subdivision 1, section 337, Code of Civil Procedure) commences to run against such warrants on the date that they are due and payable and not from the date when the funds for their payment are provided.

[3] ID.—REMEDY OF WARRANT HOLDERS—ASSESSMENTS—MANDAMUS.— If the holders of warrants issued by the board of directors of an irrigation district for an indebtedness incurred under section 61 of the Irrigation District Act of 1897 are given judgment in an action under the provisions of chapter 356 of the Statutes of 1919 (Stats. 1919, p. 751) for the dissolution of such district, such judgment cannot be enforced by execution against the dis-

---

1.  See 26 Cal. Jur. 412.