### Ex parte WHITACRE.

### WHITACRE v. TRAEGER, Sheriff.

(Circuit Court of Appeals, Ninth Circuit. February 21, 1927.)

No. 5029.

Habeas corpus ⊂⇒3—Constitutionality of state laws are not determinable by federal court in habeas corpus, petitioner having other remedy.

Whether the laws of a state or the procedure in its courts in criminal cases is in violation of the constitutional rights of a convicted defendant will not be considered by a federal court on petition for a writ of habeas corpus, but petitioner will be left to his remedy in direct proceedings, through which the question may ultimately be presented to the Supreme Court of the United States.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Petition by Randall Whitacre against William I. Traeger, Sheriff of Los Angeles county, Cal., for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

L. E. Dadmun, of Los Angeles, Cal., for appellant.

Everett W. Mattoon, Co. Counsel, and McIntyre Faries, Deputy Co. Counsel, both of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant was convicted of the crime of robbery in the first degree in the superior court of Los Angeles county, Cal., the judgment of conviction was affirmed by the District Court of Appeal, and a petition for a rehearing was denied by that court and by the Supreme Court of the state. He then applied to the court below for a writ of habeas corpus, on the ground that upon his trial in the state court the jury were made judges of both the law and the facts, thereby depriving him of his liberty without due process of law, in violation of the Constitution of the United States.

We might say in passing that, if the courts of California see fit to make juries judges of both the law and the facts in criminal cases, we fail to see wherein such a ruling violates any provision of the Constitution of the United States. But it is well settled that we are not at liberty to consider the merits of the question thus presented. Thus, in Urquhart v. Brown, 205 U. S. 179, 27 S. Ct. 459, 51 L. Ed. 760, the appellee was imprisoned under a final judgment of the Supreme Court of the state of Washington, and applied to the United States Circuit Court for a writ of habeas corpus upon the ground that the state statute under which he was imprisoned, as construed by the highest court of the state, was unconstitutional and void. The Circuit Court adopted that view and discharged the appellee, but, in reversing the judgment, the Supreme Court said:

"It is the settled doctrine of this court that, although the Circuit Courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice or judge has a discretion as to the time and mode in which the power so conferred shall be exerted; and that in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a federal court or a federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the ap-

plicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for re-examination. The exceptional cases in which a federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency that require to be promptly disposed of, such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to; or its relations with, foreign nations.' The present case is not within any of the exceptions recognized in our former decisions."

And, finally:

"Without now expressing any opinion as to the constitutionality of the statute in question, or as to the mode in which it was administered in the state court, for the reasons stated the judgment of the Circuit Court must be reversed, with directions to set aside the order discharging the appellee, and to enter an order denying the application for a writ of habeas corpus, leaving the appellee in the custody of the state, with liberty to apply for a writ of error to review the above judgment of the Supreme Court of Washington."

Of course, the position of the appellant is not changed or bettered by his failure to except to the instructions given by the trial court, or by his failure to properly present the questions for review in the appellate courts.

The order is affirmed.