[Crim. No. 2079. In Bank.—August 6, 1917.]

## THE PEOPLE, Respondent, v. THOMAS J. MOONEY, Appellant.

CRIMINAL LAW—CONSENT TO REVERSAL OF JUDGMENT—PROCEDURE.— Where an appeal from a judgment and order denying a new trial in a criminal action is regularly taken and on the calendar for hearing, the judgment and order will not be reversed upon the written consent of the attorney-general based upon matters outside of the record, except on formal application or motion by one of the parties interested on notice to the other party, including the district attorney.

APPLICATION to reverse judgment by stipulation.

The facts are stated in the opinion of the court.

John G. Lawlor, and Maxwell McNutt, for Appellant.

U. S. Webb, Attorney-General, and C. M. Fickert, District Attorney, for Respondent.

THE COURT.—There has been brought to our attention a paper filed July 30, 1917, by the attorney-general, entitled "Consent that judgment and order be reversed." It is stated therein by the attorney-general: "I hereby stipulate and consent that the judgment and order heretofore entered in this case by the trial court be reversed and the cause remanded for a new trial." As substantially stated in the paper, this action of the attorney-general is not based on any assumption that the record on appeal discloses any cause for reversal, he saying in effect that he is not prepared to state that any cause for reversal is shown by the record, and that his action is prompted by matters outside the record, disclosed after the proceedings were terminated in the trial court, which led him to believe that justice would be subserved by a retrial of the cause.

We do not read the paper so filed as being an application, or as constituting anything more than a mere consent by the attorney-general that a reversal be had. No application or motion for reversal on any such ground has been made by the defendant, whose appeal, of course, is based solely on alleged errors in the proceedings in an action of the superior court, as the same are shown by the record on appeal.

It appears to us that under these circumstances the court is not now called upon to determine whether any action in line with the consent of the attorney-general should or may be had. The appeal itself is regularly on our calendar for hearing in October of this year, and in the absence of some application for earlier action, will come before us at that time for such action as may be deemed proper.

For the information and guidance of the various parties interested, we deem it proper to file this statement of our views, and to say further that, in view of the novelty of the suggestion of the attorney-general, and the serious question as to the right of this court under the provisions of our Constitution to grant a new trial except for error in the proceedings in the trial court, we will not consider the question of the advisability of the action suggested by the attorney-gen-

eral's consent, except on formal application or motion by one of the parties addressed to the court, on notice to the other parties interested, including the district attorney of the city and county of San Francisco.