[Crim. No. 2079. In Bank.—September 11, 1917.]

## THE PEOPLE, Respondent, v. THOMAS J. MOONEY, Appellant.

CRIMINAL LAW—APPEAL FROM JUDGMENT OF DEATH—JURISDICTION OF SUPREME COURT.—The provision of section 4 of article VI of the Constitution of the state, which gives to the supreme court appellate jurisdiction on appeal from the superior court "on questions of law alone" in all criminal cases where judgment of death has been rendered, means that an appeal in such cases is allowed solely for the purpose of obtaining the determination of the supreme court as to whether there has been any error of law in the proceedings of the trial court. The supreme court has no other question to determine, and may lawfully determine no other question. If it finds no substantial error of law, it must affirm the judgment of the lower court.

ID.—CONSENT OF ATTORNEY-GENERAL — JURISDICTION.—The attorney-general cannot, by stipulation or consent, confer upon the supreme court a power denied to it by the Constitution.

ID.—REVERSAL OF JUDGMENT—LIMITATION TO RECORD.—The power to set aside or modify a judgment in a criminal case except for legal ground appearing on a record duly presented is not judicial, but a branch of the pardoning power committed to the Governor of the state, and cannot be exercised by the attorney-general either directly or through the medium of the supreme court.

ID.—CONSTITUTIONAL LAW—SECTION 4½ OF ARTICLE VI OF THE CONSTITUTION CONSTRUED.—The words, "an examination of the entire cause, including the evidence," contained in section 4½ of article VI of the Constitution prohibiting the setting aside of a judgment for error, "unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice," mean an examination of the cause as the same is presented by the record on appeal made up in the lower court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

Motion in Supreme Court to reverse judgment of death in a criminal case on consent of the Attorney-General.

The facts are stated in the opinion of the court.

Maxwell McNutt, and John G. Lawlor, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, for Respondent.

C. M. Fickert, District Attorney of the City and County of San Francisco, Opposing Motion.

THE COURT.—The defendant was convicted in the superior court of the city and county of San Francisco of the crime of murder, and the superior court, having denied his motion for a new trial, pronounced judgment. An appeal from such judgment and order denying a new trial was regularly taken to this court, and is now pending herein, the record on appeal having been duly made up in the superior court and filed in this court. In advance of the hearing of the appeal on the merits, the defendant has made a motion that the judgment and order be reversed, solely on the ground that the attorney-general of the state has filed in this court a stipulation and consent that, for reasons stated therein, such action should be had by this court, and that defendant joins in said stipulation.

The sole reason for this action on the part of the attorney-general, as is shown by the writing filed herein by him, is that since the motion for new trial was denied, the judgment pronounced, and the appeal taken, certain evidence has been discovered which leads him and the judge of the trial court to believe that, in the interests of justice, a new trial should be had. None of this evidence is shown by the record on appeal, and could not be shown thereby The attorney-general does not suggest that there was any substantial error in the proceedings of the trial court. In fact, he states that in so far as he has examined the record, he finds no substantial error, and therefore cannot confess error. The motion must

be determined on the theory that there is no error shown by the record. The motion necessarily assumes that this court has the lawful right to reverse a judgment pronounced upon the conviction in a criminal case, on account of matters not shown by the record on appeal, and in the absence of any error in law in the proceedings of the trial court, especially when the attorney-general of the state consents that such action be had.

The motion is opposed by the district attorney of the city and county of San Francisco.

We are satisfied that the application and consent mistake the lawful power and functions of appellate courts of this state in criminal cases. By express provision of our Constitution, the jurisdiction of both the supreme court and the district courts of appeal in criminal cases is specially limited. As to the supreme court, "appellate jurisdiction on appeal from the superior courts" is given "on questions of law alone, in all criminal cases where judgment of death has been rendered." (Const., art. VI, sec. 4.) This is our only jurisdiction. The provision means that an appeal in such cases is allowed solely for the purpose of obtaining the determination of this court as to whether there has been any error of law in the proceedings of the trial court. We have no other question to determine, and may lawfully determine no other question. If we find no substantial error of law, we must affirm the judgment of the lower court. It is clear, too, that in the consideration of such an appeal for this limited purpose, we are confined to the record sent to us from the court below. This was very clearly stated by this court in the first decision of the case of *People* v. *Bowers*, 2 Cal. Unrep. 878, [18 Pac. 660], where it was sought to have this court take into consideration what purported to be the written confession of another that he was the guilty party, made after the taking of the appeal. The court said that if the events occurred as stated in the brief of the appellant's counsel, the facts would entitle the defendant to a new trial on the ground of newly discovered evidence, if presented in time to the court below, but that they were not so presented and could not be so presented because they occurred pending appeal. Because it so clearly states what is obviously the law on this subject, we quote from the opinion: "While it is admitted by counsel for appellant that ordinarily no argument could be made here

upon facts occurring after appeal taken, it is urged that the evidence which has been discovered in this case 'is of so grave a character, and points so strongly to the innocence of this defendant, that, however informally it may have come to the attention of the court, this or any other court of competent jurisdiction should say that he shall not be executed until it shall have been submitted, in common with other evidence in the case, to a jury of his country.' But, manifestly, the court has no authority to consider these matters as thus presented. They are no part of the record sent to us from the court below, and there is no provision of law by which newly discovered evidence may be presented to this court in the first instance. The remedy in such cases rests with the executive. He alone can afford relief.'' The judgment was affirmed on a consideration of the matters presented by the record on appeal. While a rehearing was granted and the judgment was subsequently reversed, the reversal was solely on account of matters shown by the record on appeal (*People* v. *Bowers,* 79 Cal. 415, [21 Pac. 752]), and clearly the correctness of the views expressed in the portion of the first opinion that we have quoted above was never doubted, and could not reasonably be doubted.

It is to be noted that by the enactment of section 4½ of article VI of our Constitution in the year 1911, our power to interfere with the judgment of a superior court in a criminal case was still further limited, the provision being substantially that we may not set aside such a judgment or grant a new trial for any error of law, ''unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' The words ''an examination of the entire cause, including the evidence,'' contained in said provision mean, of course, an examination of the cause as the same is presented by the record on appeal made up in the lower court.

As we understand the claim of counsel for defendant, special reliance is placed on the fact that the attorney-general of the state has stipulated and consented that the desired action be had by this court. As to this it is necessary only to say that the attorney-general cannot, by stipulation or consent, confer upon this court a power denied to it by the Con-

stitution of the state. The power to set aside or modify a judgment in a criminal case except for legal grounds appearing on a record duly presented is not judicial. It is a branch of the pardoning power committed to the Governor of the state by article VII of the Constitution, and cannot be exercised by the attorney-general, either directly or through the medium of this court.

We have not considered the reasons stated by the attorney-general for his conclusion that a new trial should be had, and are not to be understood as expressing any opinion as to their sufficiency   That, as we have endeavored to show, is a matter not within our province.

The motion is denied.