[Crim. No. 2175. In Bank.—July 15, 1918.]

THE PEOPLE, Respondent, v. THOMAS J. MOONEY, Appellant.

CRIMINAL LAW—MOTION TO SET ASIDE JUDGMENT—INSUFFICIENT AVERMENTS OF FRAUD.—On a proceeding on behalf of a defendant to set aside a judgment of conviction, begun by a notice of motion, filed after the judgment and an order denying a new trial had been affirmed by the supreme court, and that affirmance had become final, general averments in the notice of motion and in the oral motion in open court that the verdict of the jury, the order denying a new trial, the judgment, and the sentence were procured through the willful nonfeasance, malfeasance, and fraud of the district attorney and his assistants who conducted the prosecution, committed upon the superior court, the jury, and the defendant, whereby defendant was deprived of a fair and impartial trial, and which prevented a fair submission of the cause, are not sufficient as a charge of fraud, under any rule of pleading, civil or criminal, known to our law.

ID.—NATURE OF PROCEEDING — APPLICATION FOR WRIT CORAM NOBIS.—Such a proceeding to set aside the judgment after it has become final and after a motion for a new trial has been denied and the

time therefor has expired is in the nature of an application for a writ *coram nobis* at common law.

ID.—WRIT OF CORAM NOBIS—WRIT UNAVAILABLE WHEN STATUTE PROVIDES REMEDY OF APPEAL.—Where remedies such as the right to appeal and to make a motion for a new trial are provided by statute, the writ of *coram nobis* is unavailable, and an application for the writ cannot be entertained.

ID.—COMMON-LAW REMEDY—AVAILABLE ONLY IN ABSENCE OF REMEDY BY STATUTE.—It is only where no trial on the merits has been had and no remedy is provided by statute that we may look to the common law.

ID.—JUDGMENT—RELIEF FOR FRAUD—FRAUD MUST BE EXTRINSIC.—It is settled law that a judgment cannot be set aside because it is predicated upon perjured testimony or because material evidence is concealed or suppressed; such fraud is not extrinsic to the record, and it is only in cases of extrinsic fraud that such relief may be had.

ID.—DUTY OF DISTRICT ATTORNEY.—The duty of a district attorney does not differ in the trial of criminal actions from that of counsel in civil actions. Each has an equal duty imposed upon him by the oath he has taken, and by the law of the land, to present to the court and to the jury only competent and legitimate evidence from which they may determine the proof of the issues involved. If that obligation be violated and perjured testimony produced and material evidence suppressed by either, in so far as the judgment is concerned, the injured party is without remedy.

APPLICATION for certificate of probable cause on appeal from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside a judgment. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Maxwell McNutt, and Edwin V. McKenzie, for Appellant.

Charles M. Fickert, District Attorney, and Fred L. Berry, A. R. Cotton, and Louis Ferrari, Assistant District Attorneys, for Respondent.

THE COURT.—The defendant applies to the court for a certificate of probable cause on his appeal from an order of the superior court denying his motion to set aside the judgment and sentence heretofore pronounced against him. His object is to obtain a stay of execution of the judgment under section 1243 of the Civil Code.

He was regularly convicted of the crime of murder, and was sentenced on February 24, 1917. He moved for a new trial and his motion was denied. Thereafter he appealed to the supreme court from the judgment and from the order denying a new trial and on March 1, 1918, said judgment and order were affirmed. The present proceeding was begun by a notice of motion filed in the superior court on April 28, 1918, which was after the affirmance of the judgment and order by the supreme court had become final. The grounds of the motion involved in this appeal, as set forth in said notice and in his oral motion in open court, are that the verdict of the jury, the order denying a new trial, the judgment, and the sentence were procured through the willful nonfeasance, malfeasance, and willful fraud of the district attorney and his assistants who conducted the prosecution, committed upon the superior court, the jury, and the defendant, Mooney, whereby defendant was deprived of a fair and impartial trial and which prevented a fair submission of the cause. These general averments are not sufficient as a charge of fraud, under any rule of pleading, civil or criminal, known to our law. (*People* v. *McKenna,* 81 Cal. 159, [22 Pac. 488] ; *Reay* v. *Butler,* 69 Cal. 582, [11 Pac. 463].) In order to ascertain the facts constituting the asserted fraud we must look to the affidavits offered in evidence in support of the motion at the hearing in the court below.

The crime charged was committed July 22, 1916, on Steuart Street, near Market, in San Francisco, by the explosion of a bomb. On the trial it was the theory of the prosecution that the bomb, inclosed in a suitcase, had been carried to the place in an automobile by Mooney, Billings, and others, all of whom rode in the automobile, and that it was deposited on the sidewalk by Billings a few minutes before it exploded.

The affidavits set forth that two witnesses, Mrs. Edeau and Frank C. Oxman, testified at the trial that they, respectively, saw the defendant at about the time and near the place of the explosion, in the company of the other persons accused of the crime, and under circumstances tending strongly to show that Mooney was a participant therein, which testimony, it is alleged, was wholly false, and that prior to the trial the district attorney was informed that certain statements had been made out of court by Mrs. Edeau which tended to show that she had never seen Mooney until after his arrest upon the

charge of murder set forth in the indictment, and which, if shown, would have impaired her credibility with the jury. With regard to Oxman, it is asserted in the affidavits that certain information was given to the district attorney before the trial which, it is claimed, would have tended to discredit Oxman as a witness. The affidavits are vague and unsatisfactory on this subject, and it is doubtful if they even tend to show that the information possessed by the district attorney and his assistants was of a character that should have raised a suspicion in their minds of Oxman's credibility. These alleged discrediting circumstances were not communicated to Mooney or his attorneys by the prosecution, and they had no knowledge thereof until after the trial, nor until after their motion for a new trial had been denied and the judgment pronounced.

It must be admitted that the showing of fraud or misconduct on the part of the district attorney and his assistants in conducting the trial is of the weakest character, even if he were under any duty or obligation to disclose to the defendant all the evidence within his knowledge relating to the case. But we do not place our denial of the application for a certificate of probable cause entirely upon this ground. There are other reasons which lead us to conclude that the motion below and the appeal from the order denying it are alike without merit.

The proceedings by way of motion to set aside the judgment, when made after the judgment has been rendered and has become final and after a motion for a new trial has been denied and the time therefor has expired, is in the nature of an application for a writ *coram nobis*, at common law. Mr. Freeman, referring to the nature of this proceeding at common law, says: "But this writ does not lie to correct any error in the judgment of the court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. If this could be, there would be no end of litigation. . . . The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have *prevented the rendition of the judgment;* and which without fault or negligence of the party, was not presented to the court." (1 Freeman on Judgments, sec. 94.) The italics are ours.

The learned judge of the court below, in giving his decision on the motion delivered an opinion from which we quote and adopt the portions applicable here:

"In all of the cases submitted by counsel on both sides, in which such relief has been sought, it is held that courts of general jurisdiction have the power to issue writs or hear motions in the nature of the writ of *coram nobis*. But where remedies exist by statute which did not exist at common law, the office and function of the writ are abridged thereby, and in such cases the writ is unavailable. These remedies are the right to appeal and to make a motion for a new trial, and, where they are provided by statute, to that extent an application for a writ of *coram nobis* cannot be entertained. It is in those cases where the defendant has been denied a trial upon the merits, in other words, where there has been no trial at all, that relief of this kind may be granted. In such cases it is obvious that the statutory remedies have no application and that defendant is wholly without remedy; and it is upon that theory that we look to the common law to provide a remedy. Such a case was *People* v. *Perez,* 9 Cal. App. 265, [98 Pac. 870]; and, indeed, all of the cases cited, in which relief was afforded, were cases where no trial had been had, but a plea had been obtained from the defendant by some character of duress, or the trial was affected by some outside force. (*Asbell* v. *State,* 62 Kan. 214, [61 Pac. 690]; *Sanders* v. *State,* 85 Ind. 318, [44 Am. Rep. 29]; *State* v. *Calhoun,* 50 Kan. 523, [34 Am. St. Rep. 141, 18 L. R. A. 838, 32 Pac. 38].)

"In the case at bar the defendant was not denied his defense. On the contrary, a trial was had, a motion for new trial was made by him, and appeal taken. These were the remedies provided by our statute to the exclusion of any common-law remedy. The statute, in other words, takes the place of the writ, and only in cases where there is no remedy by statute may we look to the common law.

"In the trial of the case of Thomas J. Mooney the truth or falsity of the testimony of the witnesses, Oxman and Edeau, was a part of the issue submitted to the jury, and that issue, upon the return of the verdict, became an adjudicated issue of fact which cannot now by the writ of *coram nobis* be readjudicated. The remedy in such case is by motion for a new trial, and if newly discovered evidence is too late in its

production, its consideration cannot be brought about under the guise of a motion to vacate the judgment upon the ground of fraud. The defendant in such case is without remedy.

"In this state it is the settled law that a judgment cannot be set aside because it is predicated upon perjured testimony or because material evidence is concealed or suppressed. The fraud which is practiced in such cases upon both the court and him against whom the judgment is pronounced is not such fraud as is extrinsic to the record; and it is only in cases of extrinsic fraud that such relief may be had. (*Pico* v. *Cohn,* 91 Cal. 134, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 790, 27 Pac. 537]; *In re Griffith,* 84 Cal. 112, [23 Pac. 528, 24 Pac. 381]; *Allen* v. *Currey,* 41 Cal. 321.)

"Nor can it be said that the duty of a district attorney differs in the trial of criminal actions from that of counsel in civil actions. Each has an equal duty imposed upon him by the oath he has taken and by the law of the land to present to the court and to the jury only competent and legitimate evidence from which may be determined the truth of the issues involved. If that obligation be violated and perjured testimony produced or material evidence suppressed by either, as we have seen, in so far as the judgment is concerned, the injured party is without remedy."

For these reasons the application for a certificate of probable cause is denied.

Rehearing denied.