## MOONEY v. HOLOHAN, Warden.
### No. 21766-S.

District Court, N. D. California, S. D.
May 17, 1934.

On Request for Reconsideration June 2, 1934.

On Petition for Appeal, etc., June 27, 1934.

386.

Frank P. Walsh, of New York City, John F. Finerty, of Washington, D. C., and George T. Davis, of San Francisco, Cal., for petitioner.

ST. SURE, District Judge.

Petitioner claims that he is unlawfully restrained of his liberty, and detained under color of authority of the state of California, in custody of the warden of San Quentin Penitentiary, and prays that a writ of habeas corpus issue in his behalf.

Petitioner is held by the warden of San Quentin under a commitment of the superior court of the state of California, based upon an indictment charging him with murder of one of several persons who were killed in San Francisco on July 22, 1916, by the bomb explosion on the occasion of the Preparedness Parade; judgment of conviction of murder in the first degree was had, and sentence of death imposed; appeal was taken to the Supreme Court of the state, and the judgment affirmed; the death sentence was subsequently commuted to life imprisonment.

Briefly stated, the basic grounds alleged in the petition for the writ are as follows:

That the conviction and imprisonment of petitioner were obtained by the state solely by perjured testimony which was known by the state's prosecuting officer to be perjured when offered in the trial; that while petitioner knew that such testimony, when presented, was untrue, and suspected it was perjured, he was taken completely by surprise. and could not by any reasonable diligence have discovered, prior to the denial of his motion for a new trial and his appeal to the Supreme Court of the state, the evidence subsequently developed impeaching and refuting such perjured testimony.

That the state has since admitted that the testimony upon which such conviction was obtained was perjured, and that by reason of it petitioner has been wrongfully convicted; that under the Constitution and laws of California the courts of the state are denied jurisdiction and power to set aside or modify a judgment in a criminal case except for error of law as shown by the record in the proceedings of the trial court.

That petitioner discovered, subsequent to his appeal to the Supreme Court of the state, certain evidence which so impeached and refuted the perjured testimony that had it been presented to the trial court, and, had the jury found petitioner guilty, such evidence "would have required the trial judge, as he himself has since stated, to set aside such verdict and to have granted a new trial"; that such evidence was known to the state, but was deliberately suppressed and concealed.

In support of the petition, alleged statements of fact are presented, and reference is made to a large number of exhibits.

Upon these grounds, it is contended that the verdict of the jury, judgment of conviction, commitment, and restraint of petitioner are without due process of law, and in

violation of the Fourteenth Amendment to the Constitution of the United States.

■ Whether the matters alleged by petitioner as grounds for the issuance of a writ of habeas corpus constitute a denial of "due process of law" presents a question which this court may not consider upon the merits. The case of Urquhart v. Brown, 205 U. S. 179, 181, 27 S. Ct. 459, 460, 51 L. Ed. 760, clearly defines the province of a federal court on habeas corpus where attempt is made to interfere with the regular course of procedure under state authority. In that case, Brown, the appellee, was imprisoned under a final judgment of the Supreme Court of the State of Washington (In re Brown, 39 Wash. 160, 81 P. 552, 1 L. R. A. (N. S.) 540, 109 Am. St. Rep. 868, 4 Ann. Cas. 488), and applied to the Circuit Court of Appeals for a writ of habeas corpus upon the ground that the state statute under which he was imprisoned, as construed by the highest court of the state, was unconstitutional and void. The Circuit Court (Brown v. Urquhart, 139 F. 846) adopted that view and discharged the appellee, but the Supreme Court reversed the judgment. "It is the settled doctrine of this court," says the Supreme Court of the United States, "that, although the circuit [now district] courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice, or judge has a discretion as to the time and mode in which the power so conferred shall be exerted; and that, in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a Federal court or a Federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for re-examination. The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of; such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.' The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the supreme court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court. In Reid v. Jones, 187 U. S. 153, 23 S. Ct. 89, 47 L. Ed. 116, it was said that one convicted for an alleged violation of the criminal statutes of a state, and who contended that he was held in violation of the Constitution of the United States, 'must ordinarily first take his case to the highest court of the state, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error; that only in certain exceptional cases, of which the present is not one, will a circuit court of the United States, or this court, upon appeal from a circuit court, intervene by writ of habeas corpus in advance of the final action by the highest court of the state.' So, in the recent case of United States ex rel. Drury v. Lewis, 200 U. S. 1, 26 S. Ct. 229, 50 L. Ed. 343, it was said that, in cases of the custody by state authorities of one charged with crime, the settled and proper procedure was for a circuit [now district] court of the United States not to interfere by habeas corpus, 'unless in cases of peculiar urgency, and that, instead of discharging, they will leave the prisoner to be dealt with by the courts of the state; that, after a final determination of the case by the state court, the Federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom.' "

Upon the authority of Urquhart v. Brown, supra, our Circuit Court of Appeals, in Ex parte Whitacre, 17 F.(2d) 767, affirmed an order of the United States District Court denying an application for a writ of habeas corpus, and the ruling is in point here. The appellant was convicted of the crime of robbery in the first degree in the superior court of Los Angeles county, Cal. Judgment of conviction was affirmed by the state District Court of Appeal, and a peti-

tion for rehearing was denied by that court and by the Supreme Court of the state. Appellant then applied to the United States District Court for a writ of habeas corpus, on the ground that, upon his trial in the state court, the jury were made judges of the law and the facts, thereby depriving him of his liberty without due process of law in violation of the Constitution of the United States. It was held that whether the laws of a state or the procedure in its courts in criminal cases is in violation of the constitutional rights of a convicted defendant will not be considered by a federal court on petition for a writ of habeas corpus, but petitioner will be left to his remedy in direct proceedings, through which the question may ultimately be presented to the Supreme Court of the United States. See, also, Collins v. Smith, etc., (C. C. A. 9) 17 F.(2d) 988.

It therefore appears, under the law, that, in a case such as is presented here by petitioner, the proper procedure to be followed to obtain the consideration of a federal court is by petition for writ of habeas corpus in the highest court of the state, and, if there denied, to seek a writ of certiorari in the United States Supreme Court for a review of the judgment of the state court.

Petition denied. Let judgment of dismissal be entered.

### On Request for Reconsideration.

Plaintiff requests this court to reconsider its order dismissing his petition for a writ of habeas corpus, and urges that a rule to show cause why the petition should not be granted be issued so that a consideration on the merits may be had.

Plaintiff contends that this court erred in its ruling denying his petition for the following reasons:

1. The plaintiff has exhausted all remedies available in the courts of the state of California.

2. Furthermore, the plaintiff has applied for and been denied a writ of certiorari from the Supreme Court of the United States to review the judgment of the Supreme Court of the State of California refusing a certificate of probable cause on appeal from an order of the superior court of the city and county of San Francisco denying a motion to set aside the judgment of conviction. People v. Mooney, 178 Cal. 525, 174 P. 325; Mooney v. People, 248 U. S. 579, 39 S. Ct. 21, 63 L. Ed. 430.

3. The Supreme Court of California has expressly held in three proceedings brought by the plaintiff in that court that the Constitution of that state denies that court, as well as all other courts of that state, jurisdiction either on appeal or in any other proceeding, to consider the subject-matter presented by the petition for habeas corpus in this court. People v. Mooney, 175 Cal. 666, 166 P. 999; People v. Mooney, 176 Cal. 105, 167 P. 696; People v. Mooney, 177 Cal. 642, 171 P. 690.

4. The second, third, and fourth grounds of the petition before this court, if valid, would require the Supreme Court of California to hold that the denial by the Constitution of that state to the courts thereof, including that court, of jurisdiction to consider the subject-matter of the plaintiff's petition before this court, is unconstitutional. In other words, the Supreme Court of California would be asked to assume jurisdiction to hold that the limitations on its own jurisdiction by the Constitution of that state, to which it owes its own existence and any jurisdiction whatever, are unconstitutional. It is obvious that the Supreme Court of California could not, with propriety, so hold, even could it have any jurisdiction so to do.

5. To require the plaintiff to present his petition for habeas corpus to the Supreme Court of California, after that court has expressly held that the Constitution of that state denies it jurisdiction of the subject-matter thereof, would not only be to require a useless and nugatory proceeding, but in all probability would make it impossible to devise a record on which could be based a petition to the Supreme Court of the United States for a writ of certiorari. Even if such a record could be devised the plaintiff's rights would be prejudiced by being compelled to forego the statutory right of appeal to the Supreme Court of the United States which he would have from any dismissal of his petition by this court, and to accept in lieu thereof the merely discretionary power of the Supreme Court of the United States to grant certiorari to review a dismissal by the Supreme Court of California.

6. Finally, if after refusal by the Supreme Court of California to issue a writ of habeas corpus, the Supreme Court of the United States should hold on certiorari that habeas corpus should issue, the Supreme Court of the United States could not compel the Supreme Court of California to issue the writ in the face of a holding by that court that the state Constitution denied it such jurisdiction. In the end, therefore, the Supreme Court of the United States, in order to

make its own judgment effective, would itself be compelled to issue the writ.

Replying to the points of plaintiff, in the order above set forth, this court makes the following observations:

■ 1. Clearly plaintiff has not exhausted all remedies available in the state courts. From his own argument it appears that the question whether the lack of provision in the state law for hearing on newly discovered evidence conflicts with the Federal Constitution was not presented nor passed upon in any of the previous litigation in the state court, and certainly the same could be presented by application for writ of habeas corpus to the highest court of the state. "The state courts are as much bound as the Federal courts to see that no man is punished in violation of the Constitution or laws of the United States; and ordinarily an error in this particular can better be corrected by this court upon a writ of error to the highest court of the state than by an interference which is never less than unpleasant, with the procedure of the state courts before the petitioner has exhausted his remedy there." Davis v. Burke, 179 U. S. 399, 402, 21 S. Ct. 210, 211, 45 L. Ed. 249.

■ 2. From plaintiff's own argument it is likewise clear that the denial by the United States Supreme Court, in Mooney v. People, 248 U. S. 579, 39 S. Ct. 21, 63 L. Ed. 430, of certiorari to review the judgment of the state Supreme Court refusing a certificate of probable cause, did not involve a determination of the constitutional question here raised. And if it did, the decision of the United States Supreme Court would then be controlling upon this court. If it did not, the question is still open for habeas corpus in the state Supreme Court, as suggested in the opinion of this court.

3. It is true that the highest court of this state has held that under the state Constitution there is no direct proceeding by which the state courts could now grant a new trial, but in none of the previous proceedings was the federal question decided or presented, viz., whether the absence of such a remedy constitutes a denial of due process of law. Certainly this could be determined by application to the highest court of the state on writ of habeas corpus, and if denied there, petition made for writ of certiorari to the Supreme Court of the United States.

■ 4. Petitioner argues that the Supreme Court of California would not be likely to hold, or could not properly hold, that the Constitution of its own state is in conflict with the Federal Constitution. The answer to this is obvious. It is of course the duty of any and all courts to declare and uphold the Constitution of the United States and apply it as the supreme law of the land. See Davis v. Burke, supra.

■ 5. We cannot see why on habeas corpus to the state Supreme Court a record could not be "devised" which would present the constitutional question in such manner that the decision would be reviewable by the United States Supreme Court. The same record as filed here could be presented. The question of denial of due process would then be squarely presented in the proper forum. The course suggested would involve no denial of any right of appeal. It is for petitioner to choose the remedy which seems proper to him. If the procedure outlined in the opinion of this court is the correct one, obviously an appeal from this court's decision would be useless. On the other hand, the statute prescribes the means of reviewing decisions of the state court involving constitutional questions, and we must assume that any and all courts will exercise the jurisdiction conferred upon them if a proper case is presented.

■ 6. It is not apparent why the United States Supreme Court could not, on review of the state Supreme Court's decision on habeas corpus, make such order as would carry into effect its finding. The statute in such cases provides that the United States Supreme Court may reverse, affirm, or modify the decision under review. 28 USCA § 344. In the case of Yick Wo v. Hopkins, 118 U. S. 356, 374, 6 S. Ct. 1064, 30 L. Ed. 220, which involved a writ of error (now covered by appeal) to review a decision of the highest court of this state denying a petition for writ of habeas corpus, the order of the United States Supreme Court was that the judgment of the California Supreme Court be reversed, and the case remanded with directions to discharge the petitioner from custody and imprisonment. It therefore appears that there would be no necessity for the United States Supreme Court to issue a writ of habeas corpus as an original proceeding in such an event.

Plaintiff says that this court "has apparently ignored entirely the significance of the decision in the case of Frank v. Mangum, 237 U. S. 309 [35 S. Ct. 582, 59 L. Ed. 969]." In considering plaintiff's original application, all of the decisions of the United States Supreme Court, now cited by plaintiff, were carefully examined, but only those cases were mentioned in the opinion as seemed squarely

decisive of the question presented. In the Frank Case, supra, the District Court denied the petition upon consideration of it and of the accompanying exhibits alone, deeming that upon his own showing the petitioner was not entitled to the relief sought.

In determining the appeal from that decision, the United States Supreme Court, at pages 328 and 329 of 237 U. S., 35 S. Ct. 582, 589, reiterated the rule which has been stated by this court in its opinion. The Supreme Court, however, went further in that case, and held that in any event the petition for writ of habeas corpus did not show a denial of due process, pointing out that: "It was the duty of the court to refuse the writ if it appeared from the petition itself that appellant was not entitled to it."

In Minnesota v. Barber, 136 U. S. 313, 10 S. Ct. 862, 34 L. Ed. 455, the question of propriety of assuming jurisdiction was not considered or discussed in any way. However, in State of Minnesota v. Brundage, 180 U. S. 499, 21 S. Ct. 455, 457, 45 L. Ed. 639, also cited by petitioner, the court refused to follow the course taken in the Barber Case, saying: "It must be admitted that in the first-named case the general rule announced in prior and subsequent cases was not applied. The reasons for not then applying it do not appear from the opinion of the court. It may be that the precise point now under examination was not called to its attention."

The court in the latter case reversed the judgment of the United States Circuit Court (In re Brundage, 96 F. 963) discharging the prisoner, on the sole ground that the interference with the orderly course of proceedings in the state courts was not justified, the case not being within the exceptions referred to in the opinion of this court.

Regarding the suggestion that a rule to show cause should be issued by this court in order to consider the merits, as pointed out in Frank v. Mangum, supra, it is the duty of the court to deny the writ if it appears from the petition itself that the case is not one wherein the exercise of jurisdiction would be proper. Upon consideration of plaintiff's points, and his brief in support thereof, this court finds nothing that persuades it to change its decision rendered upon the original application.

## On Petition for Allowance of Appeal and for Certificate of Probable Cause.

Upon the authority of decisions of the United States Supreme Court and of our own Circuit Court of Appeals (see opinions of this court filed May 17th and June 2d, respectively), this court denied plaintiff's application for a writ of habeas corpus, holding that whether the laws of a state or the procedure of its courts in a criminal case is in violation of the constitutional rights of a convicted defendant will not be considered by a federal court on petition for a writ of habeas corpus, but petitioner will be left to his remedy in direct proceedings in the highest court of the state, through which the question may ultimately be presented to the Supreme Court of the United States. Upon denial of the petition, a judgment of dismissal was entered.

Plaintiff now presents a petition for allowance of an appeal to the Circuit Court of Appeals and for a certificate of probable cause for such allowance.

Section 466, title 28 USCA, provides that: "From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered * * * shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court * * * shall certify that there is probable cause for such allowance."

As this court has no doubt as to the correctness of its decision of May 17, 1934, denying and dismissing the application for a writ of habeas corpus, it is of the opinion that no probable cause exists for an appeal.

It is therefore ordered that the petition for allowance of an appeal to the Circuit Court of Appeals and for a certificate of probable cause be, and the same is hereby, denied.