[Crim. No. 1846. First Appellate District, Division One.—May 14, 1935.]

In the Matter of the Application of THOMAS J. MOONEY for a Writ of Habeas Corpus.

Frank P. Walsh, John F. Finnerty and George T. Davis for Petitioner.

No appearance for Respondent.

TYLER, J.—*Habeas corpus.* Petitioner has applied to this court for a writ of *habeas corpus.* A similar petition was presented to the Superior Court in and for the County of Marin and was denied.

Petitioner was regularly convicted of the crime of murder. The judgment of conviction was subsequently affirmed on appeal and it became final. It is claimed in the instant proceeding that the judgment of conviction was procured without due process of law and in violation of the fourteenth amendment of the Constitution of the United States by reason of the alleged fact that it was obtained through perjured testimony, which testimony was known by the prosecuting officers at the time it was presented to be perjured. This precise question has been before the Supreme Court of this state under various petitions and that court has uniformly held that a judgment cannot be set aside upon the ground that it is predicated upon perjured testimony or because material evidence is concealed or suppressed; that fraud so practiced both on the state and on him against whom the judgment is pronounced is not such fraud as is extrinsic to the record; and that it is only in cases of extrinsic fraud that such relief may be had. The remedy in such a case, says the Supreme Court, rests only with the Governor of the state under his pardoning power, and he alone can afford relief. (*People* v. *Mooney,* 175 Cal. 666 [166 Pac. 999] ; Id., 176 Cal. 105 [167 Pac. 696] ; Id., 177 Cal. 642 [171 Pac. 690] ; Id., 178 Cal. 525 [174 Pac. 325].) Since the rendition of the decisions in these cases, petitioner herein has applied to the Supreme Court of the United States for a writ of *habeas*

*corpus* upon the identical grounds as are here alleged. (*Mooney* v. *Holohan*, 294 U. S. 103 [55 Sup. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406].) This petition was denied without prejudice, and the present application is based upon language used in the decision in that proceeding. To adopt the construction of that language, as contended for by counsel for petitioner, would compel the granting of a writ of *habeas corpus* by this court upon the grounds set forth in the petition, which action would overrule the decisions of our Supreme Court above cited, by which this court is obviously bound. We do not, however, agree with the contention of counsel as to the effect of the decision in the case of *Mooney* v. *Holohan*, above cited. It follows, therefore, that if by reason of the decision of the Supreme Court of the United States there shall be a departure from the established legal doctrine declared by the Supreme Court of this state in the cases above cited, such departure must necessarily have its origin in that court.

For the reason given the writ is denied.

Knight, J., concurred.

CASHIN, J., Dissenting.—I dissent. The petition alleges, among other things, that the verdict of the jury, judgment of conviction, sentence, commitment, imprisonment and restraint of petitioner were obtained by the state of California by means of the presentation against him, through its then district attorney and his assistants, of the perjured testimony of certain witnesses; that such testimony was known by said district attorney and his assistants to be perjured at the time it was offered and upon which said conviction was had; further, that said testimony was the sole testimony received at the trial which purported in any way to connect the petitioner with the bomb in question; that petitioner did not discover, and could not by reasonable diligence have discovered, previous to the denial of his motion for a new trial and his appeal to the Supreme Court of the State of California, the evidence proving said testimony to be perjured. Substantially the same allegations were contained in a petition which petitioner moved for leave to file in the Supreme Court of the United States in a proceeding entitled *Mooney* v. *Holohan et al.*, reported in 55 Sup. Ct., at page 340. In response to a rule to show cause why leave to file the petition should

not be granted, respondent Holohan made return by the attorney-general of this state. The return did not put in issue the facts alleged in the petition, but was in the nature of a demurrer, which alleged that petitioner had failed to raise a federal question. In reply to this contention the court said that if a state has contrived a conviction through the pretense of a trial which in truth was but used as a means of depriving the defendant of liberty through a deliberate deception of the court and jury by the presentation of testimony known to be perjured, such a contrivance to procure conviction and imprisonment of the defendant is as inconsistent with the rudimentary demands of justice as the obtaining of a like result by intimidation; that the action of prosecuting officers on behalf of a state, like that of administrative officers in the execution of its laws, may constitute state action within the purview of the fourteenth amendment, since the amendment governs any action of a state, whether through its legislature, its courts or its executive or administrative officers, and the argument that in the circumstances set forth in the petition the state was not required to afford any judicial process to remedy the alleged wrong could not be sustained. The court pointed out that the state of California had not failed to provide a corrective process by *habeas corpus* (Const., art. I, sec. 5; art. VI, sec. 4); that the decisions of the state Supreme Court in relation to petitioner's conviction, namely, *People* v. *Mooney,* 175 Cal. 666 [166 Pac. 999], *People* v. *Mooney,* 176 Cal. 105 [167 Pac. 696], *People* v. *Mooney,* 177 Cal. 642 [171 Pac. 690], and *People* v. *Mooney,* 178 Cal. 525 [174 Pac. 325], dealt with questions within the limitations of particular appellate procedure, and that no decision had been brought to its attention holding that the state court is without power to issue the writ when it appears that one is deprived of his liberty without due process of law in violation of the Constitution of the United States, it being the duty of such courts, equally with the federal courts, to enforce every right secured by that Constitution (*Robb* v. *Connolly,* 111 U. S. 624 [4 Sup. Ct. 544, 28 L. Ed. 542]); further, that despite the many proceedings taken on behalf of the petition no application for a writ of *habeas corpus* to the state courts had been made, nor was it shown that the writ was unavailable, and that recourse must

be had to whatever judicial remedies the state afforded before applying to the federal court for relief.

It is provided by our statute that every person unlawfully imprisoned or restrained of his liberty under any pretense whatever may prosecute a writ of *habeas corpus* to inquire into the cause of such imprisonment or restraint (Pen. Code, sec. 1473); and it is within the power of the state courts having jurisdiction in such a proceeding to inquire into the legality of such imprisonment or restraint, and afford relief if the same be ascertained to be illegal, notwithstanding that the illegality may arise from a violation of the Constitution of the United States (*Robb* v. *Connolly, supra*).

The decisions of the Supreme Court of the United States are binding and conclusive on the courts of the several states on the question what constitutes due process under the federal Constitution (15 Cor. Jur., Courts, sec. 318, p. 930; *Brookes* v. *City of Oakland*, 160 Cal. 423 [117 Pac. 433]). While *Mooney* v. *Holohan, supra,* is not a decision directly upon that question, nevertheless the observations of the court are strongly persuasive and clearly show the duty of this court in the premises.

With the question of the effect of a denial of the allegations of the petition we are not now concerned but only with the sufficiency of the petition to warrant the issuance of the preliminary writ. It is the rule that where the petitioner alleges facts which, if true, entitle him to discharge from custody or restraint, a preliminary writ should issue (*Matter of Clary*, 149 Cal. 732 [87 Pac. 580]). How far this court may go in an attempt to ascertain the truth of the allegations in the event they should be controverted will be a matter for future consideration; but if, as the court said in *Mooney* v. *Holohan, supra,* " . . . a contrivance by a state to procure the conviction of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation," and it is admitted or can be proved that a citizen has been deprived of his liberty through a fraud of the kind here alleged, whether the same be in its nature intrinsic or extrinsic, then no general rule based on expediency, however desirable in civil cases, should prevent a judicial investigation of the facts and the granting of appropriate relief. At all events it seems plain, in view of the

language of the opinion in the case last cited, that the facts alleged show petitioner to be entitled to relief in this proceeding, and that the preliminary writ should issue.