J-S17027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS REED GALLOWAY, JR., | |
| Appellant | No. 1193 WDA 2015 |

Appeal from the PCRA Order May 13, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001174-2010

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED APRIL 07, 2016**

Appellant, Thomas Reed Galloway, Jr., appeals *pro se* from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On direct appeal, this Court summarized the facts of this case as follows:

> Appellant's conviction arises from an incident that occurred in the early morning hours of February 5, 2010, at ENVY bar in New Kensington.  Trial Court Opinion, 5/9/11, at 13.  At approximately 2:00 a.m., a shooting occurred during which Appellant, and Raymond "Fat Ray" Board, were shot.  ***Id***.  At trial, several eye-witnesses testified to seeing Appellant and Board involved in a tussle, evidently fighting over a gun.  ***Id***. at 14.  Additionally, the eye-witnesses testified to hearing several shots fired during the course of the tussle.  Appellant took the

---

[*]  Former Justice specially assigned to the Superior Court.

stand in his own defense and recounted his recollection of the altercation prior to being shot in the chest. Appellant admitted to having a foggy recollection but testified that he assumed the gun he and Board fought over came from Board's pocket. N.T., 12/9/10, at 380. Appellant acknowledged that he could not be certain. *Id*.

*Commonwealth v. Galloway*, 453 WDA 2011, 38 A.3d 929 (Pa. Super. filed November 22, 2011) (unpublished memorandum at 1-2).

On December 9, 2010, a jury convicted Appellant of persons not to possess firearms. On March 3, 2011, Appellant was sentenced to serve a term of incarceration of five to ten years. On November 22, 2011, this Court affirmed Appellant's judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 3, 2012. *Commonwealth v. Galloway*, 453 WDA 2011, 38 A.3d 929 (Pa. Super. 2011), *appeal denied*, 47 A.3d 844 (Pa. 2012).

This Court summarized the post-conviction history of this matter as follows:

On July 17, 2012, Appellant filed a timely *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel to represent Appellant and to file an amended PCRA if warranted. On July 25, 2012, however, Appellant filed a "Waiver of Counsel Pa.R.Crim.P. Rule 121(A)," in which he stated that he knowingly, voluntarily, and intelligently waived counsel and sought to proceed *pro se*. On August 24, 2012, the PCRA court held a waiver of counsel colloquy with Appellant. At the hearing's conclusion, the PCRA court determined that Appellant's waiver of counsel was valid. Nevertheless, the PCRA court appointed previously assigned attorney as standby counsel.

The PCRA court held evidentiary hearings with regard to Appellant's PCRA petition on January 15, 2013 and February 4, 2013. By opinion and order entered June 13, 2013, the PCRA

court denied Appellant's [PCRA] petition. On June 24, 2013, Appellant filed an "Objection to Opinion of Court Regarding Petitioner's Motion for PCRA, Compelling this Court to Address Subject Matter." The PCRA court did not act on this filing. On June 27, 2013, Appellant filed a "Subsequent Petition for PCRA, Reargument."[1] By order entered June 28, 2013, the PCRA court denied Appellant's subsequent PCRA petition.

On July 15, 2013, Appellant filed a petition for *habeas corpus* relief with this Court. By order entered August 14, 2013, this Court's prothonotary treated the filing as Appellant's attempt to file a notice of appeal from the PCRA court's June 28, 2013 order denying his second PCRA petition. Thus, we transferred Appellant's filing to the PCRA court for processing as a notice of appeal. The PCRA court did not require Pa.R.A.P. 1925 compliance.

***Commonwealth v. Galloway***, 1388 WDA 2013, 102 A.3d 538 (Pa. Super. filed April 22, 2014) (unpublished memorandum at 2-3). On April 22, 2014, this Court affirmed the determination of the PCRA court. ***Id***.

Appellant filed the instant *pro se* PCRA petition on September 10, 2014. On April 8, 2015, the PCRA court entered its notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on April 24, 2015, Appellant filed an objection to the PCRA court's notice of intent to dismiss. The Commonwealth filed a response to Appellant's *pro se* objection on April 28, 2015. On May 11, 2015, Appellant filed an addendum to his PCRA pleadings. The PCRA court entered an order dismissing Appellant's PCRA

---

[1] This Court considered Appellant's June 27, 2013, filing to be a second PCRA petition.

petition on May 13, 2015. Appellant then filed this timely appeal. Both

Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents for our review the following twelve issues in his *pro*

*se* handwritten brief, which we reproduce verbatim:

I.

Did Det. Dennis Marsili have Prima Facie to gain Probable cause to arrest appellant. In accord with Rule 560 Information; Filing, contents, Function (B3-5) (C) (D)? Due Process is clear; that without Prima Facie there can be no Probable cause to arrest appellant. 14th amend. Exhibit, A, A1, A2, A3, B1, B2

II

Was the arrest of appellant False without the 3 criteria a statement must meet to be admissable in a court. Commonwealth vs. Lively, 610 A2d 7 Pa. supreme 1992 which means can the affidavit of Probable cause be valid without support evidence appellant ever possessed a fire arm? Deprivation of Liberty. A lie is a lie, no matter 360 U.S. 270. (PCRA H.T. 120-124) Exhibit A, A1, A2, B1. Best evidence Rule 523

III

Is appellant being illegally detain, a False Imprisonment when the affidavit of probable cause was created with Fraud in the Facts. Solely created by Det. Dennis Marsili by his own omission during First PCRA Hearing P. 120-124. See 195 S.W.2d 312, 314 False imprisonment?

IV

Was appellant's arrest without prima facie unjust oppression and violation of Due Process? Is arrest consistant with Rudimentary demands of Fair Procedure? 512. Presumption and burden of Proof. See 287 U.S. 206 "Totality of Circumstances" Exhibit A, A1, A3, B1, B2 Best evidence Rule 523 Due Process requires state to bear burden of proving beyond reasonable doubt each

element of substantive criminal offense? 14th amendment. <u>Best evidence Rule</u> <u>523</u>.

V

Did the trial Jury have all the Facts, For the Fact-Finders to make a clear Judgment, without the Knowledge of Det. Dennis Marsili missing notes that were hidden for three years? The notes that Prove Fraud in the Facts PCRA H.T. 120-124 (119) Det. Dennis Marsili complete Testimony under oath. Prosecution had no knowledge of the hidden notes. The denial by a state of any Judicial process by which a conviction obtained through the admitted or Proved use by state knowingly or unknowingly of perjured testimony and the suppression of impeaching evidence, maybe set aside, is deprivation of Liberty without due process of Law in violation of 14th amendment. People v. Mooney, 175 Cal. 666 p. 999., Frank vs. Magnum, 237 U.S. 309 59 L.ed 969, 35 S.Ct. 582,. <u>Best</u> <u>evidence Rule</u> <u>523.</u>

VI

Did Preliminary hearing Counsel Chris Haidze, esq. Render ineffective assistance of Counsel. When he never investigated appellant's case before the Preliminary hearing? Which lead Det. Dennis Marsili to present fraud to magistrait Judge. PCRA H.T. 12-124 Det. Dennis Marsili perjured himself when lieing under oath at preliminary hearing that he got statements from Mr. J. White, Ms. A. Lewis to create Prima facie for probable cause to exist for the arrest of appellant.

VII

Did the fraud in the Facts Created by Det. Dennis Marsili violate the Constitutional Rights of appellant's 14 amendment right to due process? Constitution violations Render Proceedings nul and void. See Commonwealth v. Crawford, 333 A.2d 52 (Pa. 1976). Commonwealth v. abrams, 336 A.2d 308., <u>Best</u> <u>evidence Rule</u> <u>523</u>

VIII

Did Robert Liotta, esq. Render himself ineffective assistance of counsel according to Rule of Prof. Conduct; Rule 1.1 competence? By never investigating whether Det. D. Marsili

had evidence or witness statement to support Probable cause to detain appellant for person not to possess a Firearm, 18 Pa.C.S.A. 6105 or to arrest appellant. (See Rule 600 H.T. P 12 also I. PCRA H.T. 120-124)

IX

Did Robert Liotta, esq. Render himself ineffective assistance of counsel? When he never informed the Jury on the record, that Mr. J. White impeached his self because of testimony that was untrustworthy? See S.T. P. 17

X

Did the Fraud in the Facts created solely by Det. Dennis Marsili own omission (I. PCRA H.T. 120-124) Render, the affidavit of probable cause void abinitio for the arrest of appellant to be False arrest. 22C J.S. Criminal Law, 167, p. 202., Ralph vs. Police Court of El Corrito 190 P.2d 632 634, 84 Cal. App. 2d 257 (1948). Best evidence Rule 523

XI

Did Lower Court error, Finding no genuine issues Concerning any material Facts, that Petitioner is not entitled to PCRA Relief? When the high Courts Ruling in Commonwealth v. Hopkins, held that portions of the mandatory minimum sentencing scheme that had been invalidated by a 2013 Supreme Court Ruling could not be severed From the overall Scheme, and therefore the sentencing scheme as a whole was unconstitutional?

XII

Did the lower court error, when it sentenced appellant without a Jury deciding whether the gun was ~~loaded or~~ loaded or unloaded? 303.17 offense gravity score matrix 2010. Unloaded is a gravity score of 9 with a P.R.S. 5 which gives a sentence of 57 - 69 months, loaded gravity score of 10 with P.R.S. 5 which gives a sentence of 69 – 81 months. See S.H.T. 31 exhibit D

Appellant's Brief at 3-6.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Carr*, 768 A.2d at 1167.

Our review of the record reflects that the trial court imposed the judgment of sentence on March 3, 2011.  This Court affirmed Appellant's judgment of sentence on November 22, 2011, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 3, 2012.  Accordingly, Appellant's judgment of sentence became final on October 1, 2012, ninety days after the Pennsylvania Supreme Court denied

---

[2]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant did not file the instant PCRA petition until September 10, 2014. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply. **_Commonwealth v. Beasley_**, 741 A.2d 1258, 1261 (Pa. 1999). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In addition, exceptions cannot be raised for the first time on appeal. **_Commonwealth v. Wharton_**, 886 A.2d 1120, 1126 (Pa. 2005).

Our review of the record reflects that, in the instant PCRA petition, Appellant attempted to invoke all three of the exceptions to the timeliness requirement, but he failed to prove that any of the exceptions apply. PCRA Petition, 9/10/14, at 3. The PCRA court aptly addressed this shortcoming in its notice of intent to dismiss filed pursuant to Pa.R.A.P. 907 as follows:

> 21. Within said PCRA [petition], [Appellant] marks all three exceptions to the timeliness requirement. However, [Appellant]

offers no facts which support each exception. Rather, within the space provided in the petition to list facts in support of each exception, [Appellant] argues that he was sentenced to a mandatory minimum [sentence] without the necessary elements being presented to the jury. [Appellant] fails to provide any facts which support or prove each exception and thus [Appellant] fails to prove any of the timeliness exceptions. Therefore, this [c]ourt finds that [Appellant's] PCRA [p]etition is untimely.

Notice of Intent to Dismiss, 4/8/15, at 4-5, ¶ 21. Upon review of Appellant's PCRA petition, we likewise conclude that, although he attempted to invoke all three of the timeliness exceptions by marking the corresponding boxes on the PCRA form, Appellant failed to present evidence in his PCRA pleading to establish that the exceptions apply or that that the PCRA petition was presented within the applicable sixty-day time frame. Accordingly, none of the exceptions apply. Thus, the PCRA court was without jurisdiction to grant relief in this matter and properly dismissed the PCRA petition.

In addition, it appears that Appellant has attempted to invoke the time-bar exception under section 9545(b)(1)(iii) by maintaining that his sentence is illegal and needs to be corrected by citing in his PCRA petition to *New Jersey v. Apprendi*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013), PCRA Petition, 9/10/14, at 3, and in his *pro se* brief to *Alleyne*, *Commonwealth v. Newman*, and *Commonwealth v. Hopkins*,[3] Appellant's Brief at 15. Thus, Appellant's citations may be

_____

[3] Although Appellant fails to present corresponding citation for *Newman* and *Hopkins*, we presume that he is referring to this Court's decision in
*(Footnote Continued Next Page)*

characterized as a further attempt to assert the "new constitutional right"

exception to the PCRA time-bar based on **Apprendi**, **Alleyne**, **Newman,**

and **Hopkins**.

This Court has explained the rulings and impact of **Apprendi**,

**Alleyne**, and **Newman** as follows:

> In **Alleyne,** the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. **Alleyne** is an application of the Court's prior pronouncement in **Apprendi v. New Jersey,** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In **Alleyne,** the United States Supreme Court expressly overruled **Harris v. United States,** 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. **Alleyne** also implicitly abrogated **McMillan v. Pennsylvania,** 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an **Apprendi** attack in the **Harris** decision.
>
> In **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (relying upon **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*)), we noted that **Alleyne** will be applied to cases pending on **direct appeal** when **Alleyne** was issued.

**Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015)

(emphasis added).

---
*(Footnote Continued)*

**Commonwealth v. Newman,** 99 A.3d 86 (Pa. Super. 2014) (*en banc*), and our Supreme Court's decision in **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015).

While this Court has held that *Alleyne* applies retroactively to cases that were on direct appeal when *Alleyne* was issued, we have declined to construe that decision as applying retroactively to cases during PCRA review.

> In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:
>
>> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.
>
> *Id.* at 995 (citations omitted) (emphasis supplied).

*Commonwealth v. Ruiz*, ___ A.3d ___, 2015 PA Super 275 at * 3 (Pa. Super. Dec. 30, 2015) (emphasis original).[4]

---

[4] We note that, in issue XI of his *pro se* brief, Appellant makes reference to "*Commonwealth v. Hopkins*" in addition to *Alleyne* and *Newman*, in which he claims the Pennsylvania Supreme Court held that *Alleyne* applies retroactively to PCRA petitioners. Appellant's Brief at 6, 15. Appellant provides no citation to this decision. If Appellant is indeed referring to *Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015), which was decided while this appeal was pending, we note that this decision does not address the issue of retroactive application of *Alleyne* to a PCRA petition. We further observe that in *Newman*, we held *Alleyne* does not apply retroactively to all cases, but does apply to cases that were pending on direct appeal when the United States Supreme Court announced its decision on June 17, 2013. *Newman*, 99 A.3d at 90.

*Alleyne* was decided on June 17, 2013. As noted, Appellant's judgment of sentence was finalized eight months before *Alleyne* was decided. Additionally, although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." *Miller*, 102 A.3d at 995-996. Thus, the PCRA court properly dismissed Appellant's instant PCRA petition as untimely. It was filed beyond the one-year deadline, and Appellant cannot rely on *Alleyne* or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii).

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2016